

A CERTIFIED TRUE COPY

SEP - 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 8 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

M 05-1699 CRB

*DOCKET NOS. 1691, 1693, 1694 & 1699*

FILED
SEP - 8 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE BEXTRA AND CELEBREX PRODUCTS LIABILITY LITIGATION

## IN RE BEXTRA MARKETING AND SALES PRACTICES LITIGATION

## IN RE CELEBREX MARKETING AND SALES PRACTICES LITIGATION

## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are five motions, pursuant to 28 U.S.C. § 1407, in these four dockets[1] that taken together seek centralization for coordinated or consolidated pretrial proceedings of all, or a subset of, these 31 actions,[2] in various federal districts. The moving MDL-1691 Louisiana plaintiffs seek centralization of the Bextra and Celebrex products liability actions in the Eastern District of Louisiana, while the moving Connecticut plaintiffs seek centralization of these actions in the District of Connecticut. The moving Southern New York MDL-1693 plaintiff seeks centralization of all Bextra and Celebrex actions in the Southern District of New York. The moving MDL-1694 plaintiffs seek separate centralization of the Bextra actions and the Celebrex actions in the District of Massachusetts before different judges. The moving MDL-1699 Louisiana plaintiffs seek centralization of all Bextra and Celebrex actions in the Eastern District of Louisiana. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of California, the District of Delaware, the Southern District of Florida, the District of New Jersey, and the Southern District

---

* Judge Motz took no part in the decision of this matter.

[1] At the hearing session in these four dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

The Panel has been notified of more than 100 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of these dockets, the additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] One additional action, *James Booker v. Merck & Co., Inc., et al.*, N.D. Texas, C.A. No. 3:05-496, was included on the MDL-1691 and MDL-1699 motions. The Panel's decision regarding inclusion of this action in multidistrict proceedings will be addressed in a separate order.

- 2 -

of Texas. Defendant Pfizer Inc. (Pfizer) opposes centralization of the products liability actions, but supports centralization of the marketing/sales practices actions. Pfizer suggests coordination of this latter group of actions (and of the products liability actions, if the Panel deems centralization of these actions to be appropriate) with MDL-1688–*In re Pfizer Inc. Securities, Derivative and "ERISA" Litigation* in the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in these four multidistrict dockets involve common questions of fact, and that Section 1407 centralization of all actions as one multidistrict docket (MDL-1699) in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on i) alleged increased health risks from taking Celebrex and/or Bextra, anti-inflammatory prescription medications, and ii) whether Pfizer, as the manufacturer of both medications, knew of these increased risks and failed to disclose them to the medical community and consumers and/or improperly marketed these medications to both of these groups. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning these similar prescription medications manufactured by the same company, will be streamlined. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict docket argue that the presence of unique questions of fact relating to each drug (Bextra and Celebrex) or to the type of claims asserted (products liability and marketing/sales practices) should produce a different result. These parties urge us, instead, to separately centralize these actions. We are unpersuaded by these arguments. Transfer under Section 1407 has the salutary effect of placing all actions before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Northern District of California before Judge Charles R. Breyer, we are assigning this litigation to a jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of California are transferred to the

- 3 -

Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that the actions in MDL-1691, MDL-1693 and MDL-1694 are merged into MDL-1699–*In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation.*

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation</u>

### Northern District of Alabama

*Darryl Blue, etc. v. Pfizer, Inc.*, C.A. No. 2:05-464
*Martha Ann Lemond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 7:05-691

### District of Arizona

*Dorothy Greaves v. Pfizer, Inc., et al.*, C.A. No. 2:05-647

### Central District of California

*John Bolwell, et al. v. Pfizer, Inc.*, C.A. No. 2:05-1967

### Northern District of California

*June Swan, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-834

### District of Connecticut

*Kenneth Kaye, et al. v. Pfizer, Inc.*, C.A. No. 3:05-385
*Irene Bailey, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-386

### District of Delaware

*Ronnie L. Hatcher v. Pfizer, Inc., et al.*, C.A. No. 1:05-208

### Northern District of Florida

*Marie McConnell v. Pfizer, Inc.*, C.A. No. 3:05-123

### Southern District of Florida

*Aurora Balloveras v. Pfizer, Inc.*, C.A. No. 1:05-20429

### Eastern District of Louisiana

*Gloria Ward v. Pfizer, Inc.*, C.A. No. 2:04-3469
*Elmer E. Creel, Sr., et al. v. Pfizer, Inc.*, C.A. No. 2:04-3470
*Carol J. Aiola v. Pfizer, Inc.*, C.A. No. 2:05-1207

- A2 -

*Ronald J. Babin v. Pfizer, Inc.*, C.A. No. 2:05-1208
*Deborah Ann Woodberry v. Pfizer, Inc.*, C.A. No. 2:05-1350
*Terry Bridges v. Pfizer, Inc.*, C.A. No. 2:05-1353
*George Hoffman v. Pfizer, Inc.*, C.A. No. 2:05-1354
*Helen Anne Todini v. Pfizer, Inc.*, C.A. No. 2:05-1367
*Betty A. Alexander, et al. v. Pfizer, Inc.*, C.A. No. 2:05-1720

### Middle District of Louisiana

*Ronald W. Abel, etc. v. Pfizer, Inc.*, C.A. No. 3:05-258

### Western District of Louisiana

*William Doss Turner v. Pfizer, Inc.*, C.A. No. 1:05-619
*Yvonne Clark v. Pfizer, Inc.*, C.A. No. 1:05-620

### District of Massachusetts

*Health Care for All, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:05-10707

### Eastern District of Michigan

*Linda A. Watters, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:05-71434

### District of Minnesota

*Loretta M. Harris v. Pfizer, Inc.*, C.A. No. 0:05-728

### Eastern District of New York

*Melissa Kelly, et al. v. Pfizer, Inc.*, C.A. No. 1:05-949

### Southern District of New York

*ASEA/AFSCME Local 52 Health Benefits Trust v. Pfizer, Inc., et al.*,
    C.A. No. 1:05-3803
*Steamfitters' Industry Welfare Fund, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:05-3814
*Sheet Metal Workers' International Assn. v. Pfizer, Inc., et al.*, C.A. No. 1:05-4125

### Northern District of Ohio

*Theresa Blatnik, et al. v. Pfizer, Inc.*, C.A. No. 1:05-900

- A3 -

<u>Southern District of Texas</u>

*Ronald L. Baker, et al. v. Pfizer, Inc.*, C.A. No. 3:05-206