**A CERTIFIED TRUE COPY**

FEB – 2 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 17 2006

FILED
CLERK'S OFFICE

FEB 1 0 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*DOCKET NO. 1699*

M  05- 1699  MCRB

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

### *(SEE ATTACHED SCHEDULE)*

### *CONDITIONAL TRANSFER ORDER (CTO-14) AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS*

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 386 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the eight Eastern District of Louisiana actions on this conditional transfer order involve questions of fact which are common to: 1) the actions in MDL-1699 previously transferred to the Northern District of California and assigned to Judge Breyer; and 2) the centralized pretrial proceedings in the Eastern District of Louisiana before the Honorable Eldon E. Fallon in MDL-1657, *In re Vioxx Marketing, Sales Practices and Products Liability Litigation,* in which these eight actions are already included. Each of these actions comprises two sets of claims, as follows: 1) claims relating to the prescription drugs Bextra and/or Celebrex that involve common questions of fact with the previously transferred MDL-1699 actions; and 2) claims relating to the prescription drug Vioxx that involve common questions of fact with the previously transferred MDL-1657 actions.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation,199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, 391 F. Supp. 2d 1377 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

The claims in these actions relating to Vioxx are hereby separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Eastern District of Louisiana for continued inclusion in the centralized pretrial proceedings in MDL-1657.



Inasmuch as no objection is pending at this time, the stay is lifted.

FEB – 2 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-14 - TAG-ALONG ACTIONS
## DOCKET NO. 1699
## IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND
## PRODUCTS LIABILITY LITIGATION

DIST. DIV. C.A. #          CASE CAPTION

LOUISIANA EASTERN

| | | |
|---|---|---|
| LAE 2 | 05-4425 | Pauline Jackson, et al. v. Merck & Co., Inc., et al. |
| LAE 2 | 05-4426 | Betty Zito, et al. v. Merck & Co., Inc., et al. |
| LAE 2 | 05-4442 | Stella W. Bennet, et al. v. Merck & Co., Inc., et al. |
| LAE 2 | 05-4444 | Wilimenia Thomas v. Merck & Co., Inc., et al. |
| LAE 2 | 05-4445 | Byron Arthur, et al. v. Merck & Co., Inc., et al. |
| LAE 2 | 05-4447 | Joanne Eldridge, et al. v. Merck & Co., Inc., et al. |
| LAE 2 | 05-5051 | Roy Doucet, et al. Merck & Co., Inc., et al. |
| LAE 2 | 05-6273 | Carol Cummings, et al. v. Pfizer Inc., et al. |