UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER NO. 6: PLAINTIFF FACT SHEETS AND DEFENDANT FACT SHEETS** |

**I.     SCOPE OF ORDER**

      1.     <u>Order Applicable to All Product Liability Plaintiffs in MDL Proceedings</u>. This Order shall apply to all Plaintiffs who allegedly suffered personal injury from taking Bextra® and/or Celebrex® in cases currently pending in MDL No. 1699 ("the product liability actions") and to all related product liability actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all product liability cases currently pending or subsequently made part of these proceedings. This Order shall not apply to those plaintiffs who are asserting exclusively purchase claims in these proceedings.

/////

/////

/////

-1-

## II. PLAINTIFF FACT SHEETS, DOCUMENTS, AND AUTHORIZATIONS

2. <u>Plaintiffs' Obligation to Serve Plaintiff Fact Sheet and Responsive Documents</u>.

   a. <u>Applicable Plaintiff Fact Sheet</u>. Each individual Plaintiff bound by this Order shall serve upon Defendants' counsel a complete and signed Plaintiff Fact Sheet ("PFS") in the forms set forth in Attachments A (Bextra® only Plaintiffs), B (Celebrex® only Plaintiffs), or C (Plaintiffs who allege taking both Bextra® and Celebrex®) pursuant to the schedule ordered in paragraph 5 herein. If a Plaintiff initially completes Attachment A or B hereto and medical records or other information subsequently reveal that Plaintiff took both Bextra® and Celebrex®, such Plaintiff shall provide the additional information contained in Attachment C within sixty (60) days upon request by any defendant. Each PFS shall be mailed to Defendants' counsel as follows:

   > Stuart M. Gordon, Esq.
   > Attn: Bextra/Celebrex MDL PFS
   > GORDON & REES LLP
   > 275 Battery Street, Suite 2000
   > San Francisco, CA 94111

   b. <u>Responsive Documents</u>. The Plaintiff shall also produce with his or her PFS all documents responsive to the document requests contained therein ("responsive documents"). If neither Plaintiff nor Plaintiff's counsel possess responsive documents, Plaintiff's counsel must inform Defendants' counsel of such in writing concurrently with serving the PFS.

   c. <u>Answers Binding as if Interrogatory Responses and Signed Under Penalty of Perjury</u>. All responses in a PFS are binding on the Plaintiff as if they were contained in responses to interrogatories. Each PFS shall be signed and dated by the Plaintiff or the proper Plaintiff representative under penalty of perjury.

   d. <u>Plaintiffs Suing in Representative or Derivative Capacity</u>. If the Plaintiff is suing in a representative or derivative capacity (e.g., on behalf of an estate, as a survivor, and/or as an assignee or subrogee), the completed PFS and produced responsive documents must provide information about the individual who allegedly took Celebrex® and/or Bextra®.

3. <u>Plaintiffs' Obligation to Serve HIPAA-Compliant Authorizations</u>.

    a. <u>Five Blank Medical Authorizations Served with PFS</u>. Each individual Plaintiff subject to this Order shall serve upon Defendants' counsel designated above along with his or her PFS and responsive documents five originals of the "Authorization for the Release of Medical Records" of all health care providers and other sources of information and records (including but not limited to pharmacies, insurance companies, and/or any applicable state or federal government agencies) (collectively, "custodian of records") in forms to be agreed upon by Liaison Counsel for plaintiffs asserting no psychological injury and plaintiffs asserting psychological injury. The authorizations shall be dated and signed without setting forth the identity of the custodian of the records or provider of care.

    b. <u>Three Blank Employment Authorizations Served with PFS</u>. Each individual Plaintiff subject to this Order shall serve upon Defendants' counsel designated above along with his or her PFS and responsive documents three originals of the "Authorization for the Release of Employment Records" of all employers in forms to be agreed upon by Liaison Counsel for plaintiffs asserting no wage loss claim and plaintiffs asserting a wage loss claim. The authorizations shall be dated and signed without setting forth the identity of the employer.

    c. <u>Custodian-Specific, Updated, or Additional Original Authorizations</u>. If a health care provider, employer, or other custodian of records: (i) has a specific authorization form it requires its patients to use, (ii) requires a more recent authorization than the authorizations initially provided by Plaintiff, (iii) requires a notarized authorization, or (iv) requires an original signature and the record collection company or companies jointly retained by the parties have already used all original authorizations provided by Plaintiff, then the record collection company or companies retained by the parties shall so notify Plaintiff's counsel and provide such specific authorization(s) and/or new blank authorization(s) to Plaintiff's counsel. Plaintiff shall execute such specific, updated, and/or original authorization(s) within thirty (30) days, pursuant to paragraph d herein. Where Plaintiff identifies one of the custodians of record listed in Attachment D hereto in his or her Plaintiff Fact Sheet, such Plaintiff shall execute the applicable custodian-specific authorization for that custodian and provide such

1  authorization along with his or her Plaintiff Fact Sheet, blank authorizations, and responsive

2  documents.  Plaintiffs' Liaison Counsel shall make the custodian-specific authorizations for the

3  custodians listed in Attachment D available to Plaintiffs' counsel.

4             d. <u>Plaintiffs Suing in Representative or Derivative Capacity</u>.  If the

5  Plaintiff is suing in a representative or derivative capacity, the authorizations must be signed and

6  produced along with documentation, if any exists, establishing that the signatory is a duly

7  appointed representative or is otherwise permitted to execute authorizations on behalf of the

8  person who allegedly took Celebrex® and/or Bextra®.

9             4. <u>Use of Authorizations</u>.

10             a. <u>Custodians Listed in PFS</u>.  Any record collection company or

11  companies jointly retained by the parties may use the authorizations (including copies of the

12  original blank authorizations) for any health care provider, employer, or other custodian of

13  records identified in the PFS without further notice to Plaintiff's counsel.  Any Plaintiff who has

14  an objection to the collection of records from any health care provider, employer, or other

15  custodian of records identified in the PFS shall make such objection to Pfizer at the time the PFS

16  is provided, or else any such objection to the use of the authorization is waived.  This provision

17  shall not waive any right that an individual may have to request the return of the records, to

18  challenge the admissibility of the records, or to otherwise move the Court for appropriate relief.

19             b. <u>Custodians Not Listed in PFS</u>.  If the Pfizer Entities wish to use an

20  authorization to obtain records from a custodian that is not identified in the PFS, the record

21  collection company or companies jointly retained by the parties shall provide the Plaintiff's

22  counsel for that particular case with seven days' written notice (by facsimile) of the intent to use

23  an authorization to obtain records from that custodian.  If Plaintiff's counsel fails to object to the

24  request within seven days (by facsimile), the retained record collection company or companies

25  may use the authorization to request the records from the custodian identified in the notice.  If

26  Plaintiff's counsel objects to the use of the authorization to obtain records from the custodian

27  identified in the notice within said seven day period, such objection must be served on

28  Defendants' counsel designated above in writing by facsimile and must identify the legal basis for

-4-

1  the objection and describe the nature of the documents to which the objection is asserted in a
2  manner that, without revealing the information allegedly protected, will enable the Pfizer Entities
3  to assess the applicability of the asserted protection.

4      5.    <u>Schedule for Serving Plaintiff Fact Sheets, Responsive Documents and</u>
5  <u>Authorizations</u>.  Each Plaintiff bound by this Order whose case has been transferred to the MDL
6  proceedings as of the date of this Order shall have sixty (60) days from entry of this Order to
7  serve upon Defendants' counsel designated above a complete and signed PFS, all responsive
8  documents (or a written notice that none are in the possession of Plaintiff or Plaintiff's counsel),
9  and properly executed authorizations.  Each Plaintiff in cases that are filed in or transferred to this
10 MDL proceeding after the entry of this Order shall serve upon Defendants' counsel designated
11 above a complete and signed PFS, all responsive documents (or a written notice that none are in
12 the possession of Plaintiff or Plaintiff's counsel), and properly executed authorizations within
13 sixty (60) days from the date of transfer of such case.  For purposes of this paragraph, the "date of
14 transfer" is defined as follows:  (1) for any case transferred pursuant to a Conditional Transfer
15 Order ("CTO") issued by the Judicial Panel on Multidistrict Litigation ("JPML"), the date that the
16 applicable final CTO is entered on the docket in these MDL proceedings; (2) for any case where
17 transfer by CTO is opposed, the date that any subsequent Order from the JPML transferring the
18 case is entered on the docket in these MDL proceedings; or (3) for any case filed directly in the
19 Northern District of California, the date that the case was filed.

20     6.    <u>Provision of Medical Records to Parties</u>.  Plaintiffs' and Defendants'
21 Liaison Counsel shall make available, through an outside vendor(s) jointly selected and hired by
22 Liaison Counsel, all records obtained from any health care provider(s) or other custodian(s) of
23 records through an authorization or subpoena on a secure web site maintained by the outside
24 vendor(s).  Such records shall be bates stamped by the vendor.  Plaintiff's counsel in a specific
25 case and Plaintiffs' Liaison Counsel may access that web site to obtain copies of their clients'
26 records.  For each set of records Plaintiffs' counsel (or counsel for any other party) wishes to
27 obtain from the vendor(s), Plaintiffs or the other party may be charged any one-time "viewing
28 fees" established by the vendor(s) and agreed to by the parties, plus half of any fee charged by the

-5-

SD\1650201.16
13415-401

PRETRIAL ORDER NO. 6:  PLAINTIFF FACT SHEETS AND
DEFENDANT FACT SHEETS– M:05-CV-01699-CRB

1  records custodian, which shall be payable directly to the vendor(s).  If a third party (for example,

2  a treating physician defendant or other third party or, as the case may be, a plaintiff) also wishes

3  to obtain the records, that party shall be charged one-third of the fee charged by the record

4  custodian, and one-third of the fee paid by each earlier party who obtained the records shall be

5  refunded by the vendor(s).  Plaintiffs (or counsel for any other party) will be able to download

6  and copy any and all viewed records for their use at no additional expense.  The Pfizer Entities

7  shall have no other obligation to provide medical or other records obtained pursuant to the

8  authorization(s) to Plaintiffs, including prior to the deposition of any Plaintiff.

## III. DISMISSAL OF PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS

11  　　　　　7.　　　<u>Notice that Claims May Be Dismissed</u>.  Any Plaintiff who fails to comply

12  with any discovery obligations imposed by this Order within the time periods set forth herein may

13  be subject to having his or her claims, as well as any derivative claim(s), dismissed if good cause

14  for such dismissal is shown.  Good cause shall exist where there is a material deficiency in

15  responding to required discovery, i.e., one that prejudices Defendants through a failure to provide

16  necessary information, thereby impeding Defendants' access to material and relevant evidence.

17  Any dismissal may be with or without prejudice as the Court may determine in an individual case.

18  Defendants have informed the Court that they intend to move to dismiss with prejudice those

19  cases in which there is a material deficiency in responding to required discovery.  The procedure

20  for such motions shall be governed by paragraphs 9 and 10 herein.

21  　　　　　8.　　　<u>Initial Notice of Discovery Obligations</u>.

22  　　　　　　　　a.　　　<u>Notice by Court to be Jointly Drafted by Parties</u>.  Plaintiffs' and

23  Defendants' Liaison Counsel shall meet and confer to draft a notice from the Court to plaintiffs'

24  counsel regarding the MDL proceedings, which such notice shall describe the status of the

25  litigation, the plaintiffs' discovery obligations, and any other duties imposed by the Court's

26  various pretrial orders and which shall enclose copies of the pretrial orders applicable to all cases

27  ("the Initial Notice").  Liaison Counsel shall update the Initial Notice from time to time as they

28  /////

-6-

1  see fit or as ordered by the Court.  Plaintiffs' Liaison Counsel shall be responsible for transmitting

2  the Initial Notice to plaintiffs' counsel.

3            b.     <u>Cases Presently Pending in MDL Proceedings</u>.  The Initial Notice

4  provided to plaintiffs' counsel in all cases transferred to the MDL proceedings as of the date of

5  this Order shall inform Plaintiffs' counsel in the subject cases that, pursuant to this Pretrial Order,

6  Plaintiffs have sixty (60) days to serve upon Defendants' counsel designated above a complete

7  and signed PFS, all responsive documents (or a written notice that none are in the possession of

8  Plaintiff or Plaintiff's counsel), and properly executed authorizations.

9            c.     <u>Cases Subsequently Transferred to or Filed in MDL Proceedings</u>.

10  The Initial Notice provided to plaintiffs' counsel in all cases transferred to the MDL proceedings

11  or directly filed in the Northern District of California after the date of this Order shall inform

12  Plaintiffs' counsel that, pursuant to this Pretrial Order, Plaintiffs have sixty (60) days from the

13  date of entry of the JPML Transfer Order on the docket in these MDL proceedings to serve upon

14  Defendants' counsel designated above a complete and signed PFS, all responsive documents (or a

15  written notice that none are in the possession of Plaintiff or Plaintiff's counsel), and properly

16  executed authorizations.

17            9.     <u>Notice of Overdue or Deficient Discovery</u>.  When any Plaintiff has failed

18  to materially comply with their obligations under this Order within the timelines established

19  herein, Defendants' Liaison Counsel or her designee shall send a notice of the material deficiency

20  to the Plaintiff's counsel for the individual whose responses are alleged to be defective ("the

21  deficiency letter").  The deficiency letter shall identify with particularity the alleged material

22  deficiency, state that the Plaintiff will have thirty (30) days to cure the alleged material

23  deficiency, and state that absent the alleged material deficiency being cured within that time (or

24  within any extension of that time as agreed to by the parties), Defendants may move for dismissal

25  of Plaintiff's claims, including dismissal with prejudice upon an appropriate showing.  Plaintiff's

26  Liaison Counsel or her designee shall be electronically copied with the deficiency letter.  This

27  provision shall not be construed to prevent Defendants' Liaison Counsel or her designee from

28  meeting and conferring with Plaintiffs' Counsel regarding any other deficiencies.

10. <u>Procedure for Dismissal of Cases with Material Deficiency</u>.  The procedure for the motions referenced in paragraphs 7 and 9 shall be as follows:

    a. If Plaintiff's individual counsel responds to the deficiency letter, Defendants' Liaison Counsel or her designee shall meet and confer with such counsel with respect to the purported deficiency.

    b. If the parties' meet and confer is unsuccessful, or if Plaintiff's individual counsel does not respond to the deficiency letter and a subsequent meet and confer effort under Federal Rule of Civil Procedure 37(a)(2)(B), Defendants' Liaison Counsel or her designee may file a motion (a "compliance motion") with the Court (or any U.S. Magistrate Judge or Special Master appointed by the Court to hear such disputes) seeking an order requiring Plaintiff to comply with this Order within twenty-one (21) days or face a dismissal motion, including dismissal with prejudice, or other sanctions.

    c. Such compliance motion shall be heard on an expedited basis.  A compliance motion may be noticed twenty-one (21) calendar days before the hearing date, with any opposition to be filed ten (10) calendar days before the hearing and any reply to be filed five (5) calendar days before the hearing.

    d. If the Court (or any U.S. Magistrate Judge or Special Master appointed by the Court to hear such disputes) determines that Plaintiff's discovery is materially deficient, it shall order Plaintiff to comply with this Order within twenty-one (21) days ("the compliance order") or face dismissal or other appropriate sanctions as determined by the Court.

    e. If Plaintiff does not comply with the compliance order within twenty-one (21) days, Defendants' Liaison Counsel or her designee may file a motion with the Court to dismiss Plaintiff's claims with prejudice or for other appropriate sanctions (a "dismissal/sanctions motion").

    f. Such dismissal/sanctions motion shall be heard on an expedited basis. A dismissal motion may be noticed twenty-one (21) calendar days before the hearing date, with any opposition to be filed ten (10) calendar days before the hearing and any reply to be filed five (5) calendar days before the hearing.

-8-
SD\1650201.16
13415-401

PRETRIAL ORDER NO. 6:  PLAINTIFF FACT SHEETS AND DEFENDANT FACT SHEETS– M:05-CV-01699-CRB

g. If the Court determines that Plaintiff has not complied with the compliance order, it may dismiss Plaintiff's claims with or without prejudice, or impose other sanctions, as it deems appropriate.

11. <u>Extension of Discovery Deadlines; Victims of Hurricanes Katrina and Rita</u>. Nothing in this Order shall be interpreted to restrict the ability of: (a) the parties to stipulate to an extension of discovery deadlines in a particular case; or (b) the Plaintiff to move for an extension of discovery deadlines in a particular case based on a showing of good cause. In particular, the parties shall provide reasonable extensions required in cases where the parties are seeking discovery from residents of areas affected by Hurricanes Katrina and Rita.

## IV.  DEFENDANT FACT SHEET

12. <u>Pfizer Entities' Obligation to Serve Defendant Fact Sheet</u>. Defendants Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and G.D. Searle LLC (formerly known as G.D. Searle & Co.) (collectively, "the Pfizer Entities"), shall collectively serve upon each Plaintiff's counsel of record (as identified in the PFS) a hard copy of a complete and verified Defendant Fact Sheet in the form set forth in Attachment E. An electronic copy of the Defendant Fact Sheets shall also be served on Plaintiffs' Liaison Counsel's designee and individual counsel for each plaintiff for whom an email address has been provided in the Plaintiff Fact Sheet.

13. <u>Schedule for Serving Defendant Fact Sheet</u>. The Pfizer Entities shall provide a complete and verified Defendant Fact Sheet within sixty (60) days after receipt of a substantially complete and verified PFS and substantially complete authorizations. If the Pfizer Entities fail to provide a completed and verified Defendant Fact Sheet within that time, Plaintiffs' Liaison Counsel shall provide notice to Defendants' Liaison Counsel by facsimile as provided in paragraph 14 herein. The Pfizer Entities shall have an additional thirty (30) days to cure the deficiency. No other extensions will be granted, absent good cause.

14. <u>Notice of Overdue or Deficient Discovery</u>. When the Pfizer Entities have failed to materially comply with their obligations under this Order within the timelines established herein, Plaintiffs' Liaison Counsel shall send a notice of the material deficiency to the

-9-

Defendants' Liaison Counsel.  The notice shall identify with particularity the alleged material deficiency, state that the Pfizer Entities will have thirty (30) days to cure the alleged material deficiency, and state that absent the alleged material deficiency being cured within that time (or within any extension of that time as agreed to by the parties), Plaintiffs' Liaison Counsel may, after meeting and conferring with Defendants' Liaison Counsel, move the Court (or any U.S. Magistrate Judge or special master appointed by the Court to hear such disputes) for evidentiary or other sanctions.  This provision shall not be construed to prevent Plaintiffs' Liaison Counsel or her designee from meeting and conferring with Defendants' Liaison Counsel regarding any other deficiencies.

15. <u>Notice that Court May Impose Sanctions</u>.  If the Pfizer Entities fail to comply with any discovery obligations imposed by this Order within the time periods set forth herein, Pfizer may be subject to such evidentiary or other sanctions as this Court (or any U.S. Magistrate Judge or special master appointed by the Court to hear such disputes) may see fit to impose, upon motion by Plaintiffs' Liaison Counsel, after meeting and conferring with Defendants' Liaison Counsel, if good cause for such sanctions is shown.  Good cause shall exist where there is a material deficiency in responding to required discovery, i.e., one that prejudices Plaintiff through a failure to provide necessary information, thereby impeding Plaintiff's access to material and relevant evidence.

## V.  **OTHER DISCOVERY**

16. <u>Case-Specific Discovery</u>.  The parties shall meet and confer regarding a further schedule for discovery, a protocol for the selection of certain cases for an initial trial pool of cases to be initially addressed by this Court, and case-specific depositions as to those cases.

17. <u>Generic Experts</u>.  The parties shall meet and confer regarding the subject of generic expert discovery.  The term "generic experts" refers to experts who will testify on issues of general or widespread applicability, including but not limited to those who will testify on general causation.  The parties shall meet and confer to agree upon timing for the identification of

/////

/////

-10-

1 | generic experts, the number of generic experts, the contents of generic experts' reports, and the
2 | schedule for generic expert discovery and *Daubert* motions.
3 | **IT IS SO ORDERED.**

5 | Dated: February 13, 2006
            /s/
            HONORABLE CHARLES R. BREYER
            UNITED STATES DISTRICT JUDGE