UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO.  M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 11: APPOINTMENT OF THE HONORABLE FERN M. SMITH AS SPECIAL MASTER** |

**I.     SCOPE OF ORDER**

1.     <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates to specific cases.

2.     <u>Appointment of Special Master</u>.  Pursuant to Federal Rule of Civil Procedure 53 and this Court's Pretrial Order No. 5, issued on February 7, 2006, and with the consent of the parties, the Court hereby appoints the Honorable Fern M. Smith, United States District Court Judge (Retired), as a Special Master to assist the Court in this litigation (hereinafter "Judge Smith" or "Special Master").

1    **II.      BASIS FOR APPOINTMENT UNDER RULE 53(A) AND 53(B)(1)**

2              3.      <u>Basis for Appointment</u>.  The Special Master is hereby appointed pursuant to Rule

3    53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), to make findings of fact

4    on issues to be decided by the Court because appointment is warranted by an exceptional

5    condition (namely, the volume of cases pending in these proceedings) (Rule 53(a)(1)(B)(i)), and

6    to address pretrial and post-trial matters that cannot be addressed effectively and timely by an

7    available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

8              4.      <u>No Grounds for Disqualification</u>.  Pursuant to Rule 53(a)(2) and 53(b)(3), the

9    Special Master has filed an affidavit with this Court that states that she has no relationship to the

10   parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C.

11   section 455.  During the course of these proceedings, the Special Master and the parties shall

12   notify this Court immediately if they become aware of any potential grounds that would require

13   disqualification.

14             5.      <u>Fairness Considerations</u>.  Pursuant to Rule 53(a)(3), the Court has considered the

15   fairness of imposing the likely expenses of the Special Master on the parties.  The Court believes

16   that the appointment and use of the Special Master will materially advance the litigation, thereby

17   achieving considerable cost-saving to all parties.  Moreover, the Court notes that the parties have

18   consented to the Special Master's appointment and have agreed to pay the compensation ordered

19   in paragraph 13 herein.  The Court will protect against unreasonable expenses and delay through

20   regular communication with the Special Master and Liaison Counsel.

21             6.      <u>Proper Notice Given to All Parties</u>.  Pursuant to Rule 53(b)(1) and Pretrial Order

22   No. 5, the Court gave all parties to the MDL proceedings notice of its intent to appoint the Special

23   Master and an opportunity to be heard with respect to such appointment before issuing this Order.

24   **III.      SPECIAL MASTER'S DUTIES, AUTHORITY, AND COMPENSATION**

25             7.      <u>Diligence</u>.  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master

26   to proceed with all reasonable diligence in performing her duties in the MDL proceedings.

27             8.      <u>Scope of Special Master's Duties</u>.  Pursuant to Rule 53(b)(2)(A), the Special

28   Master shall assist the Court with matters such as case management, trial selection and case

-2-

1  resolution procedures, scheduling orders, specially-assigned discovery motions and disputes,

2  facilitation of inter-jurisdictional coordination, and other matters in which the Court wishes to

3  utilize her services.

4         9.    Scope of Special Master's Authority.  The Special Master shall have the authority

5  provided in Rule 53(c) and 53(d).

6        10.    Procedure for Motions Submitted to Special Master.  The procedural requirements

7  contained in this Court's Pretrial Orders shall govern any motion practice before the Special

8  Master.

9        11.    Ex Parte Communications.  Pursuant to Rule 53(b)(2)(B), the Special Master may

10  communicate ex parte with the Court at any time.  The Special Master shall not communicate ex

11  parte with any party absent consent of Liaison Counsel without first providing notice and an

12  opportunity to be heard to the opposing Liaison Counsel.

13        12.    Preservation of Materials and Preparation of Record.  Pursuant to Rule

14  53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted

15  to her by the parties and any of her written orders, findings, and/or recommendations.  Pursuant to

16  Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations

17  with the Court via the Court's Electronic Case Filing ("ECF"), as described in the Court's Pretrial

18  Order No. 1, paragraph 9.  Such filing shall fulfill the Special Master's duty to serve her order on

19  the parties.  Any records of the Special Master's activities other than her written orders, findings,

20  and/or recommendations shall be filed in accordance with paragraph 17 herein.

21        13.    Compensation.  Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall

22  be compensated at an hourly rate of $600.00 for her services as Special Master in the MDL

23  proceedings.  The Special Master shall not charge for travel time.  Judge Smith shall prepare a

24  monthly invoice for her services, which she shall provide to Plaintiffs' Liaison Counsel and

25  Defendants' Liaison Counsel.  Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall

26  each be responsible for paying half of the Special Master's invoice; such invoices shall be paid

27  promptly.

28  /////

14.     Special Master's Reports to Court.  Pursuant to Rule 53(f), the Special Master shall report to the Court as directed by the Court.

## IV.     ACTION ON SPECIAL MASTER'S ORDERS, REPORTS, OR RECOMMENDATIONS

15.     Scope of Section.  Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16.     Time Limits for Review.  Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within fourteen (14) days from the day the Special Master filed the order, report, and/or recommendation via ECF.  Any order issued by the Special Master shall remain in effect pending any such objection or motion.

17.     Filing the Record for Review.  The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18.     Standard for Court's Review.  Pursuant to the parties' stipulation, the Court shall review findings of fact made or recommended by the Special Master for clear error.  The Court shall review de novo any conclusions of law made or recommended by the Special Master.  The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19.     Court's Actions on Master's Orders.  Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendations of the Special Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm;

/////

/////

1    modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or

2    make any further orders it deems appropriate.

3          **IT IS SO ORDERED**.

4

5    Dated:  April  25, 2006

6                                                    _____
                                                     HONORABLE CHARLES R. BRYER
                                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28