UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 12: FILING OF COMPLAINTS WITH MULTIPLE PLAINTIFFS** |

1.  <u>Order Applicable to All Multi-Plaintiff Product Liability Cases in MDL Proceedings</u>.  This Order shall apply to any complaint in which more than one individual plaintiff alleges that he or she took Bextra® and/or Celebrex® and suffered personal injury as a result thereof ("multi-plaintiff product liability actions").  The multi-plaintiff product liability actions are distinguished from the "purchase claims," as that term is defined in paragraph 21 of Pretrial Order No. 2, and do not include complaints in which only one individual alleges taking Bextra® and/or Celebrex® and suffering personal injury as a result thereof but which involve more than one plaintiff (*e.g.*, cases in which a spouse is asserting only a loss of consortium claim or multiple representatives – such as children – are suing on behalf of an estate).  The Order shall apply to all multi-plaintiff product liability actions currently pending in MDL No. 1699 and to all such related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.  This Order is binding on all parties and their counsel in all such cases currently

pending or subsequently made part of these proceedings and shall govern each such case in the proceedings unless it explicitly states that it relates to specific cases.

2. <u>No Joinder for Trial Purposes Absent Motion by Plaintiffs</u>.  The filing of any multi-plaintiff product liability actions shall not result in such plaintiffs' claims being joined for trial or any other purposes, absent a Court order issued after a duly-noticed motion filed by such plaintiffs' counsel pursuant to the procedures established in this Court's pretrial orders.  In making any such motion, the burden shall remain on the party seeking joinder to establish that joinder is appropriate.  Further, the filing of any multi-plaintiff product liability actions shall not be construed as a determination by the Court that such plaintiffs should be permissively or otherwise joined under the Federal Rules of Civil Procedure, nor shall the filing of such actions be construed as a waiver of any defendant's contention that such joinder is improper.

3. <u>Severance of Multi-Plaintiff Product Liability Actions Upon Remand or Transfer</u>.  Prior to remand or transfer of any case that is part of these MDL proceedings at any time to another United States District Court, the claims of each individual plaintiff who alleges that he or she took Bextra® and/or Celebrex® and suffered personal injury as a result thereof shall be severed from the claims of any other individual plaintiff who alleges that he or she took Bextra® and/or Celebrex® and suffered personal injury as a result thereof, without further motion by any party in the MDL proceedings or in the court to which the claims are remanded or transferred.  Claims made by individuals who are plaintiffs for reasons other than allegedly taking Bextra® and/or Celebrex® and suffering personal injury as a result thereof (*e.g.*, cases in which a spouse is asserting only a loss of consortium claim or multiple representatives – such as children – are suing on behalf of an estate) ("derivative plaintiffs") shall not be severed from the claims of the individual who alleges that he or she took Bextra® and/or Celebrex® and suffered personal injury as a result thereof from which the derivative plaintiffs' claims arise.

4. <u>Venue for Remanded Cases</u>.  Absent consent of all parties to a multi-plaintiff product liability action, the claims of each individual plaintiff who alleges that he or she took Bextra® and/or Celebrex® and suffered personal injury as a result thereof, as well as the claims of any derivative plaintiffs related thereto, shall be remanded or transferred to the United States

1  District Court in which (a) the individual plaintiff who alleges that he or she took Bextra® and/or
2  Celebrex® and suffered personal injury as a result thereof resides at the time of the order
3  remanding or transferring the claims, or (b) a substantial part of the events or omissions giving
4  rise to the claim occurred, or a substantial part of property that is the subject of the action is
5  situated.  This provision shall not be construed as a waiver of any party's contention that venue is
6  improper in the district to which another party requests remand pursuant to this order.

7        5.     <u>Treatment of Multi-Plaintiff Product Liability Actions by Court to Which Actions
8  Remanded or Transferred</u>.  Upon remand or transfer, plaintiffs in any multi-plaintiff product
9  liability action shall pay such filing fees and take any other action required by the court to which
10 the claims are remanded or transferred as would ordinarily apply to separately filed actions.

11 **IT IS SO ORDERED**.

13 Dated:  June 2, 2006                                            /s/
14                                                 HONORABLE CHARLES R. BREYER
                                                UNITED STATES DISTRICT JUDGE