A CERTIFIED TRUE COPY

JUN 2 0 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED JUN 2 0 2006

JUN 2 7 2006   FILED
CLERK'S OFFICE

DOCKET NO. 1699   RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Charles Poole, et al. v. Pfizer Inc., et al., W.D. Kentucky, C.A. No. 3:06-40
Mark John Harrison, et al. v. Monsanto Co., et al., E.D. Missouri, C.A. No. 4:06-116

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these actions to vacate the Panel's order conditionally transferring the actions to the Northern District of California for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants[1] favor inclusion of these actions in MDL-1699 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of California. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Pending motions to remand to state court can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Northern District of California was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Bextra and/or Celebrex as well as claims relating to the sales and marketing of these prescription medications. See In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation, 391 F.Supp.2d 1377 (J.P.M.L. 2005).

The Missouri plaintiffs argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1699

---

[1] Pfizer Inc., Pharmacia Corp., and G.D. Searle, LLC.

- 2 -

A CERTIFIED TRUE COPY

JUN 2 0 2006

proceedings. We are unpersuaded by these arguments. Inclusion of this action in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman