

A CERTIFIED TRUE COPY

AUG 1 0 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
AUG 1 0 2006

FILED
AUG 1 5 2006
RICHARD W. WIEKING
CLERK'S OFFICE

**DOCKET NO. 1699**

M 05-1699 CRB

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

*Donna K. Armer v. Monsanto Co., et al.,* E.D. Missouri, C.A. No. 4:06-176

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in this action to vacate the Panel's order conditionally transferring the action to the Northern District of California for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants[1] favor inclusion of this action in MDL-1699 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with actions in this litigation previously transferred to the Northern District of California. Transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The pending motion to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of this action is appropriate for the reasons expressed by the Panel in the original order directing centralization in this docket. In that order, the Panel held that the Northern District of California was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Bextra and/or Celebrex as well as claims relating to the sales and marketing of these prescription medications. *See In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation,* 391 F.Supp.2d 1377 (J.P.M.L. 2005).

Plaintiff argues that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of this action in MDL-1699 proceedings. We are unpersuaded by these arguments. Inclusion of this action in Section 1407 proceedings has the salutary

---

[1] Pfizer Inc., Pharmacia Corp. f/k/a Monsanto Co., and G.D. Searle, LLC.

- 2 -

effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman