1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE:  BEXTRA AND CELEBREX                CASE NO. M:05-CV-01699-CRB
     MARKETING SALES PRACTICES AND
12   PRODUCT LIABILITY LITIGATION               MDL No. 1699

13

14   This Order Relates to:                     **PRETRIAL ORDER NO. 18:  INITIAL
                                                 SELECTION OF PLAINTIFFS FOR
15        ALL CASES.                             DISCOVERY AND TRIAL POOL**

16

17   **I.     SCOPE OF ORDER**

18              1.     Order Applicable to All Product Liability Plaintiffs in MDL Proceedings.

19   This Order shall apply to all Plaintiffs who allegedly suffered personal injury from taking

20   Bextra® and/or Celebrex® in cases currently pending in MDL No. 1699 ("the product liability

21   Plaintiffs") and to all related product liability actions that have been or will be originally filed in,

22   transferred to, or removed to this Court and assigned thereto (collectively, "the MDL

23   proceedings").  This Order is binding on all parties and their counsel in all product liability cases

24   currently pending or subsequently made part of these proceedings.  This Order shall not apply to

25   those Plaintiffs who are asserting exclusively refund/purchase claims in these proceedings.

26              2.     Intent of Order.  This Order is intended to establish procedures for

27   selecting and conducting discovery of a subset of product liability Plaintiffs so that the Court and

28   the parties may prepare these cases for early resolution (via motion, settlement, trial, or other

-1-

1    resolution tool) in these proceedings, consistent with this Court's charge to promote the just and

2    efficient conduct of the civil actions in these proceedings, to assure uniform and expeditious

3    treatment in pretrial procedures, and to avoid undue delay or cost.  Nothing in this order shall be

4    construed to result in joinder of any Plaintiffs' claims or to govern discovery or trial in any cases

5    not selected for the discovery and/or trial pool under this Order.  This Order shall not constitute a

6    determination that venue is proper in this District in any case pending before the Court, nor shall

7    it constitute consent by any party to have any case tried in this Court, except as provided herein.

8    Further, this Order shall not be construed to prevent later orders with respect to the selection of

9    additional Plaintiffs for discovery and/or trial.

10   **II.      SELECTION OF PLAINTIFFS FOR DISCOVERY POOL**

11          3.      Methods for Selection of Discovery Pool.  The initial pool of cases eligible

12   for discovery shall consist of forty-five product liability Plaintiffs[1] with cases pending in the

13   MDL that have been filed and served as of 60 days before the date this Order is signed by the

14   Court and served on the parties via the Court's electronic case filing ("ECF") system.  Ten of the

15   Plaintiffs shall be selected by the Plaintiffs' Steering Committee ("PSC") ("the PSC selections");

16   ten of the Plaintiffs shall be selected by the Pfizer Defendants ("the Pfizer selections"); and

17   twenty-five of the Plaintiffs shall be selected randomly ("the random selections").[2]  The PSC

18   selections, the Pfizer selections, and the random selections shall constitute the cases eligible for

19   discovery ("the Discovery Pool").

20   /////

21

22   [1]  For purposes of this Order, the term "Plaintiff" shall refer to an individual who took Bextra and/or Celebrex and allegedly suffered a personal injury (a "primary Plaintiff").  The term shall not apply to derivative Plaintiffs such as spouses asserting a loss of consortium claim or

23   representatives of an estate.  The claims of such Plaintiffs, however, shall be subject to discovery and trial pursuant to this Order if the primary Plaintiff from whom such Plaintiffs' claims derive

24   is selected for discovery and trial.  Further, Plaintiffs who filed complaints containing multiple primary Plaintiffs must be selected (if at all) individually.  The claims of any primary Plaintiffs in

25   multi-Plaintiff complaints are hereby automatically severed from the claims of other Plaintiffs in the same complaint upon inclusion of the primary Plaintiff in the Discovery Pool.

26   [2]  For purposes of this Order, the terms "PSC selections," "Pfizer selections," and "random

27   selections" shall include any replacements selected by the parties or at random, respectively, except where otherwise provided by this Order.

28

1    4.    Random Selection of Twenty-Five Plaintiffs.  The random selections shall

2  be made as follows:

3    a.    Preliminary List of Eligible Product Liability Plaintiffs.  Liaison

4  Counsel shall meet and confer to develop a list of eligible product liability Plaintiffs whose cases

5  were filed and served in the MDL as of 60 days before the date this signed Order is served via

6  ECF ("the Eligible Plaintiffs List").  The Eligible Plaintiffs List shall not include any Plaintiff

7  who has sued an entity or individual other than Defendants Pfizer Inc., Pharmacia & Upjohn Co.,

8  Pharmacia & Upjohn LLC, Pharmacia Corporation, G.D. Searle LLC (formerly known as G.D.

9  Searle & Co.), and/or a Pfizer-affiliated entity ("a non-Pfizer defendant").  The Eligible Plaintiffs

10  List shall contain each individual Plaintiff's last name, first name, and the MDL case number,

11  with no other information, and shall be in alphabetical order by Plaintiffs' last name (and then

12  first name where Plaintiffs have identical last names).  Each Plaintiff shall be assigned a unique

13  number, starting at one and continuing up through the total number of eligible Plaintiffs (*i.e.*, 1, 2,

14  3, and so on).  Defendants' Liaison Counsel shall generate the Eligible Plaintiffs List by Monday,

15  November 27, 2006.  Plaintiffs' Liaison Counsel shall meet and confer with Defendants' Liaison

16  Counsel to confirm the accuracy of the Eligible Plaintiffs List by Friday, December 1, 2006.

17    b.    Random Selection by Randomizing Software.  At noon Eastern on

18  Monday, December 4, 2006, Liaison Counsel shall jointly use the Research Randomizer web site

19  (www.randomizer.org) to randomly generate twenty-five unique numbers between one and the

20  total number of eligible Plaintiffs on the Eligible Plaintiffs List, sorted from least to greatest.

21  Liaison Counsel performing the randomization shall print the results and download them into an

22  Excel file, and shall provide both the printed and Excel results to opposing Liaison Counsel

23  immediately.  Plaintiffs whose numbers are generated shall become part of the Discovery Pool.

24    c.    Updates of Eligible Plaintiffs List.  If replacement Plaintiffs need to

25  be randomly selected pursuant to paragraph 10 herein, and the Eligible Plaintiffs List was

26  generated more than ninety days before the date of the replacement, Defendants' Liaison Counsel

27  shall generate a new Eligible Plaintiffs List pursuant to the procedures established in paragraphs

28  4(a) and 4(b) herein.

-3-

5.      Party Selections of Ten Plaintiffs Each.  The party selections shall be made as follows:

a.      Limitations on Selections.

(1)      PSC Selections from Plaintiffs Who Have Provided PTO 6 Discovery.  The PSC selections shall be made only from Plaintiffs who have provided Plaintiff Fact Sheets ("PFS"), authorizations, and responsive documents pursuant to Pretrial Order No. 6 (collectively, "the discovery required by Pretrial Order No. 6").

(2)      PSC Selections from Plaintiffs Willing to Waive *Lexecon*. Prior to the PSC selecting a Plaintiff who did not file his or her complaint in this District, the PSC must confirm that the Plaintiff is willing to have his or her case tried in this District pursuant to *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and paragraph 9 of this Order.

(3)      All Selections from Cases Filed and Served 60 Days Before Order.  All parties' selections must be from Plaintiffs whose cases were filed and served in the MDL as of 60 days before the date this signed Order is served via ECF.

(4)      No Selections of Cases Involving Non-Pfizer Defendants or Vioxx Plaintiffs.  Neither the PSC nor Pfizer may select any Plaintiff who has sued a non-Pfizer defendant nor any Plaintiff who is a Vioxx Plaintiff, as that term is defined in paragraph 6 herein.

b.      Manner of Exchange of Selections.  Liaison Counsel shall then exchange their list of ten selections electronically at noon Eastern on Friday, December 22, 2006. In their exchange, Liaison Counsel shall identify each Plaintiff by full name, full case caption, MDL case number, the transferor court and case number (where the case was transferred) or Northern District case number (where the case was directly filed in this District), and an attorney (and that attorney's firm) designated as being the contact person for case-specific discovery issues pertaining to that Plaintiff.

6.      Exclusion of Vioxx Plaintiffs.  Neither the PSC nor the Pfizer Defendants may select a Plaintiff who: (a) has filed a lawsuit or asserted a claim against Merck & Co. (or any of its related entities) in connection with that Plaintiff's use of Vioxx; or (b) took Vioxx at the

-4-

1  same time as the Plaintiff took the Pfizer drug (Bextra and/or Celebrex) alleged to have caused

2  his or her injury within a reasonable time of the injury (collectively, "a Vioxx Plaintiff").  If at

3  any time any party learns that one of the PSC selections, the Pfizer selections, and/or the random

4  selections is a Vioxx Plaintiff, then such Plaintiff shall be excluded from the Discovery Pool and

5  shall be replaced by the Liaison Counsel who initially selected the Vioxx Plaintiff (for the PSC

6  and Pfizer selections) or at random (for the random selections).  All such replacements shall be

7  made pursuant to paragraph 10 of this Order.

8         7.      <u>Expedited Compliance with Obligations under Pretrial Order No. 6</u>.

9  Plaintiffs selected by Pfizer or at random who have not provided the discovery required by

10  Pretrial Order No. 6 shall have fourteen (14) days from the date of selection to provide such

11  discovery.  For any Plaintiff in the Discovery Pool who has not provided a materially complete

12  PFS, authorizations, and responsive documents within 14 days of his or her selection, such

13  Plaintiff shall be subject to the expedited compliance procedure outlined below.  Similarly, where

14  a Plaintiff has provided a substantially complete and verified PFS and substantially complete

15  authorizations, Pfizer shall have fourteen (14) days from the date of the Plaintiff's selection (or

16  from the date of Plaintiff's production of a substantially complete and verified PFS and

17  substantially complete authorizations, where the Plaintiff's production occurs after his or her

18  selection) to provide a Defendant Fact Sheet ("DFS").  If Pfizer has not produced a DFS for such

19  Plaintiffs, Pfizer shall be subject to the expedited compliance procedure outlined below.

20         a.      <u>Notice of Materially Deficient Discovery</u>.  Pursuant to Pretrial

21  Order No. 6, paragraphs 9 and 14, Liaison Counsel may send a notice of the material deficiency

22  ("the deficiency letter").  The deficiency letter shall state that the opposing party has seven (7)

23  days in which to cure the deficiency or be subject to a compliance motion.  Defendants' Liaison

24  Counsel also shall telephone Plaintiff's counsel of record to meet and confer regarding any

25  Plaintiff's deficiency.  Similarly, Plaintiffs' Liaison Counsel or her designee also shall telephone

26  Defendants' Liaison Counsel to meet and confer regarding any deficiency in Pfizer's production

27  of a DFS.

28  /////

1          b.     <u>Compliance Motion and Order</u>.  If a party does not cure the alleged

2   material deficiency within the seven-day period, Liaison Counsel may file a compliance motion

3   with the Special Master.  Such compliance motion shall be heard on an expedited basis.  The

4   motion may be noticed seven (7) days before the hearing date, with any opposition to be filed

5   three (3) days before the hearing date.  The party filing the compliance motion may request that

6   the Special Master order the non-complying party to comply in less than twenty-one days,

7   notwithstanding paragraph 10(d) of Pretrial Order No. 6.  Furthermore, the party filing the

8   compliance motion may request that the Special Master extend the 120-day discovery cut-off

9   established in paragraph 13 herein so that it runs from the date by which the Special Master

10  orders the non-complying party to provide the discovery.

11          c.     <u>Motion to Dismiss or Exclude from Discovery Pool</u>.  If a party does

12  not comply with the Special Master's compliance order, Liaison Counsel shall telephone

13  Plaintiff's counsel of record (or, in the case of Pfizer, Defendants' Liaison Counsel) to meet and

14  confer.  Any resulting motion (including a motion to dismiss) may be heard on the expedited

15  schedule established in Pretrial Order No. 6, paragraph 10(f) and may request that the Plaintiff at

16  issue be excluded from the Discovery Pool, with a replacement to be selected pursuant to

17  paragraph 10 of this Order.

18      8.     <u>Provisions of Pretrial Order No. 6 Remain in Effect</u>.  Both parties, whether

19  or not a particular Plaintiff is selected for the Discovery Pool pursuant to this Order, remain

20  obligated to comply with Pretrial Order No. 6, which remains in full force and effect.  Nothing in

21  this Order shall be deemed to amend Pretrial Order No. 6, with the exception of the expedited

22  compliance schedule provided by paragraph 7.

23      9.     <u>Limited Waiver of *Lexecon*</u>.  All parties hereby waive *Lexecon* for the first

24  five plaintiffs with cases tried by this Court.  After the trials of the first five plaintiffs, any party

25  wishing to assert a *Lexecon* objection to the trial of any other Plaintiff in the Discovery Pool or

26  Trial Pool (or any other Plaintiff eligible for trial in this Court who did not file his or her claim in

27  the Northern District) may assert such objection by filing a motion with the Special Master.  Any

28  *Lexecon* objections other than for the first five plaintiffs tried in this Court are preserved.

-6-

1             10.       <u>Replacement of Plaintiffs in Discovery Pool</u>.

2                  a.      <u>Replacement of Vioxx Plaintiffs</u>.

3                       (1)    <u>Randomly Selected Vioxx Plaintiffs</u>.  As soon as any party

4   has reason to believe that a randomly selected Plaintiff is a Vioxx Plaintiff, that party shall notify

5   opposing Liaison Counsel.  Liaison Counsel shall meet and confer within seven days of such

6   notice.  If Liaison Counsel agree that the Plaintiff is a Vioxx Plaintiff, they shall replace the

7   Plaintiff using the random selection procedure established in paragraph 4 herein as soon as

8   practicable.  Where Liaison Counsel do not agree that the randomly selected Plaintiff is a Vioxx

9   Plaintiff, their dispute shall be resolved pursuant to the procedure established in paragraph

10  II.10.a(3) herein.

11                      (2)    <u>Party Selected Vioxx Plaintiffs</u>.  As soon as any party has

12  reason to believe that a party-selected Plaintiff is a Vioxx Plaintiff, that party shall notify

13  opposing Liaison Counsel.  Liaison Counsel shall meet and confer within seven days of such

14  notice.  If Liaison Counsel agree that the Plaintiff is a Vioxx Plaintiff, then Liaison Counsel who

15  selected the Vioxx Plaintiff must identify a replacement Plaintiff within seven days, absent

16  agreement of the parties to a longer period, and in accordance with paragraph 5 of this Order.

17  Where Liaison Counsel do not agree that the party-selected Plaintiff is a Vioxx Plaintiff, their

18  dispute shall be resolved pursuant to the procedure established in paragraph II.10.a(3) herein.

19                      (3)    <u>Procedure for Resolving Disputes regarding Vioxx</u>

20  <u>Plaintiffs</u>.  If Liaison Counsel do not agree that a randomly or party-selected Plaintiff is a Vioxx

21  Plaintiff, they shall submit letter briefs to the Special Master seeking a determination with respect

22  to whether a replacement is warranted.  Liaison Counsel shall meet and confer with respect to the

23  schedule for and length of such briefs.

24                 b.      <u>Replacement of Party-Selected Plaintiffs</u>.  Once a Plaintiff has been

25  selected for the Discovery Pool by any party, any dismissal of that Plaintiff shall entitle the party

26  selecting the Plaintiff to select a replacement Plaintiff pursuant to paragraph 5 herein.  Any

27  replacements under this subparagraph must be made by providing notice to the opposing Liaison

28  Counsel within seven days of such dismissal, absent agreement of the parties to a longer period.

-7-

c.      Replacement of Randomly Selected Plaintiffs.  Once a Plaintiff has been selected randomly for the Discovery Pool, any dismissal of that Plaintiff shall result in the random selection of a replacement Plaintiff pursuant to paragraph 4 herein.  Any replacements under this subparagraph must be made as soon as practicable and in all instances within seven days of such dismissal or objection, absent agreement of the parties to a longer period.

d.      Size of Discovery Pool.  Pursuant to this paragraph, the Discovery Pool shall always consist of forty-five cases, absent consent of Liaison Counsel.  There may be instances in which there are temporarily fewer than forty-five Plaintiffs in the Discovery Pool where a replacement Plaintiff has not been identified yet, but absent such temporary exceptions there shall be forty-five Plaintiffs in the Discovery Pool.

**III.     DISCOVERY OF PLAINTIFFS IN DISCOVERY POOL**

11.      Master Written Discovery of Plaintiffs in Discovery Pool.  Pfizer may propound the master discovery permitted by Pretrial Order No. 4, paragraph 19 within three days of a Plaintiff's selection pursuant to this Order.

12.      Discovery Limitations.  The Pfizer Defendants may take up to five depositions of case-specific fact witnesses in connection with any individual Plaintiff's case, absent consent of Liaison Counsel or a showing of good cause for a greater number of depositions.  The PSC may take up to five depositions of case-specific fact witnesses in connection with any individual Plaintiff's case, absent consent of Liaison Counsel or a showing of good cause for a greater number of depositions.  Any disputes with respect to the number of depositions in connection with a Plaintiff's case shall be presented to the Special Master on a schedule to be agreed upon by Liaison Counsel.

13.      Discovery Cut-Off.  Case-specific discovery for Plaintiffs included in the Discovery Pool by Friday, January 5, 2007 shall be completed by Friday, May 11, 2007, with extensions granted only upon consent of Liaison Counsel and/or on good cause shown (*e.g.*, if a randomly-selected Plaintiff had not provided complete authorizations prior to his or her selection, if a Plaintiff does not timely respond to Pfizer's master discovery, if the parties are unable to timely obtain essential medical records, if a Plaintiff is subject to an expedited compliance motion

-8-

1   pursuant to paragraph 7(b) herein, or if Pfizer has not timely produced a Defendant Fact Sheet).

2   Case-specific discovery for Plaintiffs added to the Discovery Pool after January 5, 2007 shall be

3   completed within 120 days of the Plaintiff's selection, with extensions granted only upon consent

4   of Liaison Counsel and/or on good cause shown.

5            14.    Selection of Individual Plaintiffs for Trial and Further Discovery.  Liaison

6   Counsel shall meet and confer regarding a procedure for selecting Plaintiffs from the Discovery

7   Pool for trial or other resolution procedure ("the Trial Pool").  In conjunction with such

8   discussions, Liaison Counsel also shall meet and confer regarding the case-specific expert

9   discovery and such additional discovery as may be required for the fair trial of the cases in the

10  Trial Pool.

11  **IT IS SO ORDERED.**

12

13  Dated:  November 17, 2006                  /s/

14                                       HONORABLE CHARLES R. BREYER
                                     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28