UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699<br><br>**PRETRIAL ORDER NO. 20: DEPOSITIONS OF CASE-SPECIFIC WITNESSES AND RESOLUTION OF CASE-SPECIFIC DISCOVERY DISPUTES** |

## I. SCOPE OF ORDER

1. <u>Order Applicable to All Cases in MDL Proceedings in Discovery Pool</u>. This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings") and that are made part of the Discovery Pool pursuant to Pretrial Order No. 18. This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings that are included in the Discovery Pool. This Order shall apply to case-specific depositions taken in cases in the Discovery Pool and shall not be construed to apply to any other depositions.

/////

/////

1  **II.     IDENTIFICATION OF RESPONSIBLE COUNSEL**

2              2.     <u>Identification of Counsel Primarily Responsible for Case-Specific

3  Discovery for Random Selections and Opposing Party Selections</u>.  Within fourteen days of a

4  Plaintiff's selection for the Discovery Pool (either randomly or by the opposing party), each

5  Liaison Counsel shall identify an attorney (and that attorney's firm) designated as the contact

6  person for case-specific discovery issues pertaining to that Plaintiff.

7  **III.    CASE-SPECIFIC DEPOSITION NOTICES**

8              3.     <u>Scheduling</u>.  Absent extraordinary circumstances, counsel shall consult in

9  advance with opposing counsel (and, where applicable, proposed deponents) in an effort to

10 schedule case-specific depositions so that they go forward at mutually convenient times and

11 places.  Counsel for any party (or counsel's staff) may contact physicians' offices purely for the

12 purpose of scheduling depositions; such conversations may not be substantive in nature.

13             4.     <u>Notices Ten Days in Advance</u>.  Absent agreement of counsel or good cause

14 shown, case-specific depositions (including any requests for documents or subpoenas in

15 connection with a deposition notice) shall be noticed at least ten days in advance.  Depositions of

16 Pfizer sales representatives shall be addressed by a separate Order.

17             5.     <u>Location</u>.  Absent agreement of counsel and the witness, or good cause

18 shown, case-specific depositions shall be noticed within 100 miles of the deponent's residence or

19 place of employment.

20 **IV.    CONDUCT OF CASE-SPECIFIC DEPOSITIONS**

21             6.     <u>Length</u>.  Absent agreement of counsel or good cause shown, case-specific

22 depositions shall be limited to one seven-hour day, excluding breaks.

23             7.     <u>Fees</u>.  If a witness is entitled to an hourly fee, each side shall pay their

24 representative share of the fees and expenses incurred during the deposition based upon the length

25 of their respective questioning.

26             8.     <u>Incorporation of Other Pretrial Orders</u>.  The provisions of Pretrial Order

27 No. 4 relating to attendance (paragraph 29), objections (paragraph 32), consultation with

28 witnesses (paragraph 33), videotaped depositions (paragraph 34), the use of exhibits (paragraph

35), and the witnesses' review of transcripts (paragraph 36), as well as Pretrial Order No. 17 relating to the videotaping of depositions, are hereby incorporated by reference in their entirety and shall apply to case-specific depositions.

**V.    DISPUTES REGARDING CASE-SPECIFIC DISCOVERY**

9. <u>Cooperation</u>.  Counsel are expected to cooperate and make good faith efforts to avoid involving the Court in any discovery disputes relating to case-specific discovery, including any disputes that arise during a deposition.

10. <u>Procedure for Resolving Case-Specific Discovery Disputes</u>.

    a. <u>Case-Specific Discovery Disputes in General</u>.  Where counsel have a dispute relating to case-specific discovery, which they cannot resolve with opposing counsel, they first must consult with their respective Liaison Counsel.  If Liaison Counsel are not able to resolve the dispute, Liaison Counsel shall meet and confer regarding a schedule and method (*i.e.*, a formal motion, letter briefs, oral argument, or informal discussion) for the parties to present the dispute to the Special Master.  In no event shall any counsel other than Liaison Counsel file a discovery motion with the Court or the Special Master absent consent of their respective Liaison Counsel.  All provisions of Pretrial Order No. 2 relating to the parties' obligation to meet and confer with respect to motion practice (including paragraphs 8 through 10) remain in full force and effect.

    b. <u>Case-Specific Discovery Disputes During Depositions</u>.  Where counsel have a dispute relating to case-specific discovery that arises during a deposition that cannot be resolved, they first must attempt to consult with their respective Liaison Counsel, who shall, if possible, attempt to resolve the dispute.  If Liaison Counsel are unavailable, counsel attending the deposition shall determine if it is necessary to attempt to present the dispute to the Special Master before the deposition is adjourned.  Unless Liaison Counsel is unavailable, no

/////
/////
/////
/////

counsel other than those authorized by Liaison Counsel may contact the Special Master during a deposition.

**IT IS SO ORDERED.**

Dated: January 30, 2007

          /s/
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE