UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ] Master Docket No. M:05-CV-01699-CRB<br>]<br>] MDL No. 1699<br>] |
| THIS RELATES TO:<br>MDL Case No. _C-06-7500-CRB_ | ] Plaintiff:   George E. Freeman, Jr.<br>]                    (Name) |
| Constance J. Bratt, et al., | ] |
| Plaintiffs, | ] |
| vs. | ] |
| Pfizer, Inc., et al., | ] |
| Defendants. | ] |

## STIPULATION AND ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between the following specific Plaintiff George E. Freeman, Jr. ("Plaintiff") and Defendants Pfizer, Inc., Pharmacia Corporation and G.D. Searle, L.L.C. ("Pfizer"), pursuant to Fed. R. Civ. P. 41(a)(1), to a dismissal without prejudice of the following Plaintiff's claims which was filed in a consolidated, multi-plaintiff Complaint] against Defendants:

1.  George E. Freeman, Jr.

This Stipulation and Order, however, is a partial dismissal in that it does not affect any claims, counterclaims and issues by and between Defendants and the following remaining Plaintiffs:

1.  Constance J. Bratt;
2.  Keith Rubrum;
3.  Estate of William Chambers, Deceased.

Specifically, the parties hereby stipulate and agree as follows:

1.  Plaintiff George E. Freeman, Jr. dismisses his individual cause of action [which was

filed within the above multiparty, consolidated Plaintiffs Complaint] without prejudice pursuant to Fed R. Civ. P. 41(a)(1)(ii).

2.  This dismissal is voluntary and not on the merits. Plaintiff certifies that no other causes of action based on his claim has been previously dismissed in any Federal or State court.

3.  Plaintiff agrees that, in the event he refiles a lawsuit against Pfizer that contains claims relating to Bextra® and Celebrex®, such lawsuit will be filed in a United States District Court and it will not include defendants whose presence would destroy diversity jurisdiction;

4.  Plaintiff further agrees that in the event he re-files such a lawsuit, any discovery that has taken place or will take place *In Re Bextra and Celebrex Marketing, Sales Practices, and Products Liability Litigation* (MDL-1699), the MDL proceeding that has been established in the United States District Court for the Northern District of California, and that is not specific to a particular plaintiff, can be used in any such lawsuit re-filed by Plaintiff, as though Plaintiff had been a party and had an opportunity to participate in that discovery.

5.  Each party will bear their own fees, expenses and costs.

Plaintiff and Defendants agree to the above-stated conditions and the specific Plaintiff wishes to dismiss his claim in the instant lawsuit without prejudice to re-filing, subject to the conditions stated above. There are no counterclaims or third-party claims. Nothing in this stipulation shall constitute a waiver of any rights and defenses defendants may have in any litigation.

WHEREFORE, the parties hereto stipulate to the dismissal of the claim of Plaintiff George E. Freeman, Jr. in the above-styled lawsuit without prejudice to re-filing, subject to the conditions stated above.

SAN FRANCISCO, CALIFORNIA, this __24th__ day of __January__, 2007.

_____
UNITED STATES DISTRICT JUDGE CHARLES R. BREYER



-2-