UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>CELEBREX CASES. | **PRETRIAL ORDER NO. 21: GENERAL CAUSATION EXPERT DISCOVERY AND RELATED MOTION PRACTICE REGARDING CELEBREX** |

**I.     SCOPE OF ORDER**

        1.     <u>Order Applicable to All Celebrex® Plaintiffs in MDL Proceedings</u>. This Order shall apply to all plaintiffs with claims relating to Celebrex® currently pending in MDL No. 1699 and to all plaintiffs with claims relating to Celebrex® that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all such cases currently pending or subsequently made part of these proceedings and shall govern each such case in the proceedings unless it explicitly states that it relates to specific cases.

        2.     <u>Cases Subject to this Order</u>. The discovery schedule and procedures established by this Order shall apply to all cases in which a personal injury plaintiff alleges any serious cardiovascular event (including, *inter alia*, myocardial infarction and stroke) was caused by ingestion of Celebrex® (collectively, "covered Celebrex® cases"). Any case in which the

plaintiff alleges an injury other than a serious cardiovascular event (including, *inter alia*, myocardial infarction and stroke) due to ingestion of Celebrex® is not subject to this Order.

3. <u>Definition of General Causation Experts</u>.  For purposes of this Order, the term "general causation experts" refers to experts who will opine as to whether ingestion of Celebrex can increase the risk of serious cardiovascular events and, if so, under what circumstances.  This order shall not preclude any parties from designating experts on issues not deemed inadmissible or otherwise decided as a matter of law by the Court in connection with this Order.  The parties shall meet and confer with respect to the pretrial disclosures, if any, concerning witnesses whose testimony may be both factual and expert in nature.

4. <u>Other General Expert Discovery</u>.  General expert discovery pertaining to Bextra®, or to Celebrex® issues other than general causation of serious cardiovascular events, may be the subject of a further order.

**II.     DISCOVERY OF GENERAL CAUSATION EXPERTS**

5. <u>Production of Data on Which Pfizer Intends to Rely</u>.  By Friday, February 2, 2007, Pfizer shall produce any non-public data, documents, or other material in its possession that it has not previously produced on which its general causation experts intend to rely.  This provision shall be not construed to prevent Pfizer's general causation experts from relying on data, documents, or other material that becomes available after February 2.  If non-public data, documents, or other material becomes available after February 2, Pfizer shall supplement its production with such additional material.

6. <u>Simultaneous Exchange of Designations and Disclosures</u>.  On Friday, March 30, 2007, each Liaison Counsel shall designate up to five general causation experts on which that side intends to rely with respect to covered Celebrex® cases and shall exchange Rule 26(a)(2) disclosures of those experts.  Liaison Counsel for the party designating an expert shall produce to opposing Liaison Counsel all documents, articles, data compilations and other material not previously produced which the expert reviewed in formulating his or her opinions within ten business days of the exchange of the expert disclosures.  For published medical literature, the

/////

parties may provide a bibliography for any expert, but opposing Liaison Counsel may request a copy of any articles cited in the bibliography if needed.

7. <u>Simultaneous Exchange of Supplemental Disclosures</u>.  On Friday, April 27, 2007, each Liaison Counsel shall exchange any supplemental or rebuttal expert disclosures. Such supplemental or rebuttal disclosures may consist of:  (a) supplemental or revised reports by experts previously designated on or before March 30, revised in light of any newly-discovered information and/or the opinions expressed in the opposing side's disclosures; and/or (b) designation of up to two rebuttal experts, along with Rule 26(a)(2) disclosures for such experts.  The opinion expressed by rebuttal experts shall be limited to opinions responding to those set forth in the expert reports previously provided by the other side.  Liaison Counsel for the party designating any supplemental or rebuttal expert shall produce to opposing Liaison Counsel all new documents, articles, data compilations and other material not previously produced which the expert reviewed in formulating his or her opinions within ten business days of the exchange of the supplemental or rebuttal expert disclosures.  For published medical literature, the parties may provide a bibliography for any expert, but opposing Liaison Counsel may request a copy of any articles cited in the bibliography if needed.

8. <u>Depositions of General Causation Experts</u>.  Absent agreement of counsel or good cause shown, depositions of the general causation experts shall take place by Friday, June 15, 2007.

9. <u>Order of Depositions</u>.  Pfizer shall be entitled to examine plaintiffs' experts in each area before plaintiffs examine Pfizer's expert in that same area. Consistent with these principles, the parties shall agree upon a schedule for the depositions of all experts, with plaintiffs' expert in a particular area being deposed first, Pfizer's corresponding expert in that area being deposed second, and so forth until the depositions are completed.

10. <u>Applicability of Federal Rule of Civil Procedure 26</u>.  Other than as provided in this Order, Federal Rule of Civil Procedure 26 shall govern general causation expert discovery.

/////

11. <u>No Production of Drafts, Work Product, or Deliberative Process</u>.  With regard to exchange of expert reports, the parties hereby stipulate that draft reports need not be disclosed and that other writings between the expert and the counsel that reveal work product or deliberative communications between the expert and the attorneys need not be produced.

### III.   SCHEDULE FOR MOTION PRACTICE

12. <u>Deadline for Motion(s) Challenging Experts' Opinions</u>.  If Defendants' Liaison Counsel wishes to challenge the admissibility of any opinion expressed by any of the general causation experts designated by Plaintiffs' Liaison Counsel, and/or if Plaintiffs' Liaison Counsel wishes to challenge the admissibility of any opinion expressed by any of the general causation experts designated by Defendants' Liaison Counsel, Liaison Counsel shall file and serve such motion(s) by Friday, June 29, 2007.

13. <u>Deadline for Opposition Briefs</u>.  Liaison Counsel shall file and serve any opposition briefs to such motion(s) by Monday, July 16, 2007.

14. <u>Deadline for Reply Briefs</u>.  Liaison Counsel shall file and serve any reply briefs in support of such motion(s) by Monday, July 23, 2007.

15. <u>Hearing on Motion(s) Involving General Causation Experts</u>.  The Court hereby sets aside August 7-9, 2007 for a hearing on the parties' motion(s).

   a.   <u>Experts Available for Examination</u>.  Each side shall inform its experts that they must be available for examination during the hearing upon request by opposing Liaison Counsel.  Such requests (if any) shall be made in writing by Monday, July 23, 2007.  In light of the scheduling difficulties presented by the number of participants at the hearing, all parties should have their experts set aside all three days to maximize the Court's and the parties' flexibility in scheduling the experts' testimony.

   b.   <u>Division of Time at Hearing</u>.  The parties shall meet and confer with respect to the format of and division of time at the hearing in light of the motions filed on June 29.

/////

/////

-4-

1      16.     <u>Coordination with State Court Proceedings</u>.  The Court has invited state court judges overseeing statewide coordinated proceedings to attend and/or participate in the hearing if they so wish (*e.g.*, as is provided in New York Case Management Order No. 2).

**IT IS SO ORDERED.**

Dated:  March  16, 2007                            /s/
                                           HONORABLE CHARLES R. BREYER
                                           UNITED STATES DISTRICT JUDGE