UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
|---|---|
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 22: DEPOSITIONS OF PFIZER SALES REPRESENTATIVES** |

1. <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.

2. <u>Order Applicable to Current and Former Pfizer Sales Representatives</u>. This Order shall apply to sales representatives employed by Defendants Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn LLC, Pharmacia Corporation, and/or G.D. Searle LLC (formerly known as G.D. Searle & Co.), together with their affiliated entities (collectively, "the Pfizer Entities"), at the time they promoted Bextra and/or Celebrex directly to physicians. The Order shall apply to sales representatives whether they are current or former employees of the

Pfizer Entities, and shall apply to any deposition in which a Pfizer Entity employee is being deposed in connection with his or her communications directly with physicians.

3. Limits on Sales Representative Depositions.

a. Limit on Number of Sales Representative Depositions. Of the five depositions permitted for each plaintiff in the Discovery Pool, no more than two may be depositions of sales representatives, absent good cause shown for additional sales representative depositions ("the Discovery Pool sales representative depositions"). The fact that more than two representatives detailed a prescribing physician for a plaintiff in the Discovery Pool shall not, by itself, constitute good cause.

b. Which Sales Representatives May Be Deposed. Absent consent of Defendants' Liaison Counsel, no sales representative may be deposed unless and until: (a) that representative has been identified in a Defendant Fact Sheet ("DFS"); (b) the plaintiff to whom the DFS corresponds has been selected for the Discovery Pool; and (c) the sales representative detailed the plaintiff's prescribing physician regarding Bextra and/or Celebrex prior to the last date on which the plaintiff's prescribing physician prescribed or provided samples of Bextra and/or Celebrex to the plaintiff ("the prescription period").

c. Depositions of Regional Managers. Plaintiffs only may depose sales representatives' managers as common witnesses pursuant to Pretrial Order No. 4. Such witnesses shall count against the limit of five common Pfizer witness depositions per month under that Order.

4. Additional Production of Sales Representative Documents. In addition to the documents required in the DFS, Pfizer shall be required to produce the following documents in connection with the Discovery Pool sales representative depositions. Pfizer shall not be required to produce documents for any other sales representatives in the Discovery Pool.

a. Electronic Documents. The PSC has requested the following documents relating to Bextra and Celebrex, to the extent they are included in the Discovery Pool sales representatives' files: any documents provided to prescribing physicians (including physician handouts and "thought leader" communications); any communications with prescribing

physicians, managers, or other sales representatives; and reports of weekly activity (if any) other than call notes.  To that end, Pfizer will use the following terms to search for those electronic documents and will produce any non-privileged, discoverable electronic documents that are dated during the prescription period:  "Bextra," "Celebrex," "COX," "NSAID," "arthritis," and the name of the plaintiff's prescribing physician(s).

        b.      <u>Hard Copy Documents</u>.  The PSC has requested the following documents relating to Bextra and Celebrex, to the extent they are included in the Discovery Pool sales representatives' files:  any documents provided to prescribing physicians (including physician handouts and "thought leader" communications); any communications with prescribing physicians, managers, or other sales representatives; and reports of weekly activity (if any) other than call notes.  To that end, Pfizer will produce any non-privileged, discoverable hard copy documents that are dated during the prescription period and that are in the sales representative's possession.

        c.      <u>Payments to Prescribing Physician(s) Not Disclosed in DFS</u>.  Pfizer shall identify any payments to the prescribing physician by Pfizer relating to Bextra and/or Celebrex during the prescription period that were not already disclosed in the DFS.

    5.    <u>Notices Sixty Days in Advance; Production Ten Days in Advance</u>.  Absent agreement of Defendants' Liaison Counsel or good cause shown, the Discovery Pool sales representative depositions shall be noticed at least sixty (60) days in advance.  Pfizer shall produce any non-privileged, responsive documents at least twelve (12) days in advance of the Discovery Pool sales representative depositions.  The discovery cut-offs for plaintiffs selected for the Discovery Pool prior to March 14, 2007, as established by Pretrial Order No. 18, paragraph 13, shall be extended until Friday, July 20 for all case-specific discovery, including sales representatives.  The discovery cut-off shall not be extended for any other plaintiffs in the Discovery Pool.

    6.    <u>Length of Sales Representative Depositions</u>.  Absent consent of Defendants' Liaison Counsel or good cause shown, the Discovery Pool sales representative depositions are limited to seven hours.

1       7.    <u>Avoidance of Duplicative Depositions</u>.  No sales representative shall be deposed more than once, unless subsequent to the initial deposition the parties learn that the sales representative detailed another plaintiff's prescribing physician regarding Bextra and/or Celebrex during the prescription period and that plaintiff is selected for the Discovery Pool.  In such instances, the parties shall meet and confer with respect to whether an additional deposition is warranted.  In any instance in which there is a supplemental deposition, such deposition shall be limited to case-specific questions (*i.e.*, questions about the sales representative's communications with the prescribing physician) and shall not exceed two hours.  Defendants' Liaison Counsel may cross-notice any depositions of sales representatives in state court actions pursuant to Pretrial Order Nos. 4 and 15.

        8.    <u>Incorporation of Other Pretrial Orders</u>.  The provisions of Pretrial Order No. 4 relating to attendance (paragraph 29), objections (paragraph 32), consultation with witnesses (paragraph 33), videotaped depositions (paragraph 34), the use of exhibits (paragraph 35), and the witnesses' review of transcripts (paragraph 36); Pretrial Order No. 17 relating to the videotaping of depositions; and Pretrial Order No. 20 relating to scheduling (paragraph 3), location (paragraph 5), and deposition disputes (paragraphs 8 and 9) are hereby incorporated by reference in their entirety and shall apply to depositions of sales representatives.

**IT IS SO ORDERED.**

Dated: April_17, 2007
                    /s/
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE