UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 23: QUALIFICATION OF DOCUMENTS GENERATED BY A PARTY AS AUTHENTIC OR BUSINESS RECORD** |

1. <u>Order Applicable to All Cases in MDL Proceedings</u>. This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.

2. <u>Authenticity of Documents Provided or Generated By A Party</u>.

    a. <u>Documents Presumed Authentic</u>. Documents produced and/or purportedly generated by any Party that purport to be copies of documents prepared or received by the Party, or by an officer, director, employee or agent of the Party, shall be presumed to be a faithful and authentic reproduction of the original and, subject to other applicable rules of evidence, admissible as such, unless any objecting Party establishes, through a motion *in limine*

or otherwise, that the document is not authentic. All other evidentiary objections other than authenticity are preserved.

    b. <u>Presumption of Authenticity Limited to Portion Generated by Party</u>. For the purposes of this Order, a document in its entirety is deemed to have been generated by a Party only if that Party or one of its then-directors, officers, agents or employees created all of the document. If a Party or one of its then-directors, officers, agents or employees only created part of a document, such as a part of a chain of electronic mail, only that part of the document is deemed to have been generated by that Party.

    3. <u>Business Records Introduced in Depositions</u>. Documents (whether produced by a Party or Non-Party) introduced as an exhibit during a deposition in these proceedings that purport to be copies of memoranda, reports, records or data compilations in any form of acts, events, conditions, opinions, or diagnoses presumptively shall be considered a business record of that Party within the meaning of Federal Rule of Evidence 803(6) or analogous applicable state court rules, subject to the following paragraphs.

    4. <u>Objections to Documents Previously Marked as Exhibits to Depositions</u>. Each Party shall undertake a prompt review of all documents produced and/or purportedly generated by that Party that have been placed into the record as deposition exhibits in any deposition in those coordinated and consolidated proceedings through the date of this Order, and shall advise Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel in writing within 60 days after entry of this Order, of: (a) the deposition and exhibit number, as well as the bates numbers, of any exhibit where the producing or purportedly generating Party claims lack of authenticity and/or failure to qualify as a business record within the meaning of Rule 803(6) or applicable analogous state court rules; and (b) a detailed statement (including if appropriate reference to other pertinent documents and knowledgeable persons) of the grounds for the claim of lack of authenticity and/or the failure to qualify as a business record within the meaning of Rule 803(6) or applicable analogous state court rules. Any objection shall be deemed to have been made for all depositions in which the exhibit is or was used. Any such exhibits (to the extent such exhibit is produced and/or purportedly generated by a Party) not so identified within

1  that time shall be deemed faithful and authentic reproductions of the original and/or (as the case
2  may be) business records within the meaning of Rule 803(6) or applicable analogous state court
3  rules.
4           5.     <u>Objections to Documents Marked as Exhibits in Future Depositions</u>.
5  Within 30 calendar days of the receipt of the transcript of a deposition hereafter taken in the
6  coordinated and consolidated proceedings, any Party wishing to contest the presumptive
7  authenticity of any document(s) previously produced and/or purportedly generated by that Party
8  that were placed into the record of that deposition as deposition exhibits shall advise Plaintiffs'
9  Liaison Counsel and Defendants' Liaison Counsel in writing of: (a) the deposition and exhibit
10 number, as well as the bates numbers, of any exhibit where the producing or purportedly
11 generating Party claims lack of authenticity and/or failure to qualify as a business record within
12 the meaning of Rule 803(6) or applicable analogous state court rules; and (b) a detailed statement
13 (including if appropriate references to other pertinent documents and knowledgeable persons) of
14 the grounds for the claim of lack of authenticity and/or the failure to qualify as a business record
15 within the meaning of Rule 803(6) or applicable analogous state court rules.  Any objection shall
16 be deemed to have been made for all depositions for which the exhibit is used in the future.  Any
17 such exhibits not so identified within that time shall be deemed faithful and authentic
18 reproductions of the original and/or (as the case may be) business records within the meaning of
19 Rule 803(6) or applicable analogous state court rules.  The Parties shall make a good faith effort
20 not to mark deposition exhibits en masse for the sole purpose of bringing those exhibits within the
21 scope of this paragraph.
22          6.     <u>Documents Provided By Non Parties</u>.  Documents produced and/or
23 purportedly generated by a non-Party shall be presumed to be a faithful and authentic
24 reproduction of the original, unless any objecting Party establishes, through a motion *in limine* or
25 otherwise, that the document is not authentic and/or fails to qualify as a business record of the
26 non-Party within the meaning of Rule 803(6) or applicable analogous state court rules.
27 Documents produced and/or purportedly generated by a non-Party that have been or, hereafter,
28 are placed into the record as deposition exhibits in any deposition in the coordinated and

1  consolidated proceedings shall be deemed to be faithful and authentic reproductions of the
2  original and/or (as the case may be) business records within the meaning of Rule 803(6) or
3  applicable analogous state court rules unless any Party raises an objection within the requisite
4  time frames set forth above in paragraph 4 and 5.
5           7.      <u>Remedies After Notification of any Objection to Authenticity and/or Status</u>
6  <u>as Business Record</u>.  Upon being notified that an exhibit is claimed to be inauthentic and/or fails
7  to qualify as a business record, after meeting and conferring with opposing Liaison Counsel,
8  either Liaison Counsel may, with consent of opposing Liaison Counsel or with leave of Court,
9  initiate appropriate discovery limited to seeking to further establish authenticity and/or the status
10 of the document as a business record.
11          a.      <u>Limited Scope of Deposition</u>.  Any deposition noticed solely to
12 establish the authenticity or business record status of a document shall be limited strictly to that
13 purpose for the specific document at issue and shall not address any other issues.
14          b.      <u>Depositions of Common Pfizer Witnesses</u>.  Where such a
15 deposition is taken of a common Pfizer witness, that deposition shall not count as one of the five
16 common Pfizer depositions that may be taken per month pursuant to Pretrial Order No. 4,
17 paragraph 25(a).  However, any such deposition must be taken in accordance with the deadline
18 established in Pretrial Order No. 4, paragraph 24.  This order shall not be construed to amend
19 Pretrial Order No. 4 in any other fashion.
20          c.      <u>Depositions of Case-Specific Witnesses</u>.  Where such a deposition
21 is taken of a case-specific witness pursuant to Pretrial Order No. 18, that deposition shall not
22 count as one of the five case-specific depositions permitted by Pretrial Order No. 18, paragraph
23 12.  This order shall not be construed to amend Pretrial Order No. 18 in any other fashion.
24       8.   <u>Limitations of Order</u>.
25          a.      <u>No Effect on Other Rules of Evidence</u>.  This Order addresses only
26 the authenticity and/or business record status of any particular document, and is without prejudice
27 to application of any other rule of evidence that may be implicated by a particular document.
28 /////

        b.     <u>No Waiver of Objections to Similar Documents</u>.  The failure of any Party to object to any document shall not constitute an admission or concession by that Party that similar documents to which the Party does object are authentic and/or qualify as business records under applicable federal or state laws.  For example, the failure to object to each email being treated as authentic and/or a business record does not foreclose such an objection to any individual email.

        9.     <u>Parties to Meet and Confer on Authentication and Business Record Status</u>.  The Parties shall make good faith, cooperative efforts, through the meet and confer process or otherwise, to resolve any issues concerning the authenticity and/or business record status of documents subject to this Order so as to minimize the time and resources of the parties and of the Courts devoted to such matters.

**IT IS SO ORDERED.**

Dated:  April  17, 2007

                /s/
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE