UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>CELEBREX CASES. | **PRETRIAL ORDER NO. 24: AMENDMENT TO SCHEDULE IN PRETRIAL ORDER NO. 21 REGARDING GENERAL CAUSATION EXPERT DISCOVERY AND RELATED MOTION PRACTICE REGARDING CELEBREX** |

1. <u>Order Amends Briefing and Hearing Schedule Established by Pretrial Order No. 21</u>. This Order shall amend the briefing and hearing schedule established by Pretrial Order No. 21 ("PTO 21"). This Order shall not amend PTO 21 in any other respect. This Order incorporates the Court's Order Regarding Conduct of Causation Hearings dated August 9, 2007.

2. <u>Amended Briefing Schedule</u>. The briefing schedule established by paragraphs 12 through 14 of PTO 21 is hereby amended as follows:

    a. Opening briefs were e-filed on Friday, July 20, 2007 and were not to exceed sixty pages, excluding any signature blocks and/or exhibits submitted in support of the briefs.

    b. Opposition briefs were e-filed on Monday, August 13, 2007 and were not to exceed sixty pages, excluding signature blocks and/or exhibits.

-1-
PRETRIAL ORDER NO. 24: AMENDMENT TO PTO 21 RE: GEN'L CAUSATION
EXPERT DISCOVERY & MOTS. RE: CELEBREX – M:05-CV-01699-CRB

   c. Reply briefs shall be e-filed on Monday, August 27, 2007 and shall not exceed thirty pages, excluding signature blocks and/or exhibits.

  3. <u>Hearing on Motions Involving General Causation Experts</u>.  The Court hereby sets aside October 9-11, 2007 for a hearing on the parties' motions.

   a. <u>Designations of Experts to Provide Live Testimony at Hearing</u>. Each Liaison Counsel shall inform opposing Liaison Counsel via e-mail at 5:00 p.m. EDT on Wednesday, August 15, 2007 whom of that party's experts Liaison Counsel will call to testify at the hearing.  Each Liaison Counsel shall inform its experts whom they do not intend to call that they must be available for examination during the hearing upon request by opposing Liaison Counsel.  Liaison Counsel shall exchange such requests to present the opposing parties' experts at the hearing whom the party did not affirmatively designate via e-mail by 5:00 p.m. EDT on Monday, August 20.  If an expert is not available during the hearing times, he or she shall be subject to a videotaped examination prior to the hearing, which shall be played in Court.

   b. <u>Written Direct Examinations</u>.  Each side may submit a written direct examination for any of its expert who will testify; written direct examinations shall not be required.  All written examinations must be submitted via e-filing to the Court by Friday, September 28.  The written direct examinations shall be limited to forty-five (45) pages per expert, single-spaced, exclusive of any exhibits, appendices, demonstratives, references, or similar material.  The Court will not consider the written direct testimony of any witness that is not made available for live cross examination during the causation proceeding, unless that expert is subject to a videotaped examination prior to the hearing pursuant to paragraph 3(a) and submits any written direct examination a reasonable time prior to that videotaped examination.

   c. <u>Division of Time at Hearing</u>.  Each side will have nine hours of time to be divided at the parties' election between direct examination of its experts, cross-examination of the opposing side's experts, re-direct examination of its own experts, and/or opening or closing arguments.

   d. <u>Opening Argument</u>.  Each side may begin the hearing with a short opening argument.

e. <u>Live Testimony at Hearing</u>.  Any expert called to testify will testify on direct examination and cross-examination, and then any re-direct examination, irrespective of which party designated that expert to testify at the hearing pursuant to paragraph 3(a), unless the party originally designating that witness wishes to shift costs pursuant to paragraph 3(f) below, in which case the expert will be subject to cross-examination without any written or direct examination.  The Plaintiffs' Steering Committee ("PSC") will present its case first, consisting of the PSC's experts that the PSC affirmatively designated and any Pfizer experts the PSC designated for examination (for whom Pfizer may conduct a direct examination before the PSC conducts its cross-examination, unless Pfizer wishes to shift costs pursuant to paragraph 3(f)), in whatever order the PSC elects.  Pfizer will then present its case, consisting of Pfizer's experts that Pfizer affirmatively designated and any PSC experts Pfizer designated for examination (for whom the PSC may conduct a direct examination before Pfizer conducts its cross-examination, unless the PSC wishes to shift costs pursuant to paragraph 3(f)), in whatever order Pfizer elects.  The Court will ask questions as appropriate.  Time used in questioning will be charged to the questioning party.  Questions from the Court(s) will not be charged against either party.

f. <u>Payment of Experts' Costs</u>.  If a party chooses not to designate a particular expert witness to provide direct testimony, but the opposing party wishes to cross examine the witness during the causation proceeding, the cross-examining party shall pay all reasonable costs incurred by the expert in connection with the cross examination, including air fare, hotel costs, and other reasonable expenses, as well as the appearance fee for the expert's appearance in court.  The party that chose not to designate the expert in the first place may not submit written direct testimony of that expert witness, unless the party is willing to pay the expert's costs.  The non-designating party, however, will be given the opportunity to conduct live redirect of the witness after the conclusion of the cross examination.

/////

/////

/////

/////

1           g.    <u>Closing Argument</u>.  Each side may conclude with a closing

2 argument.

3 **IT IS SO ORDERED.**

5 Dated:  August 16, 2007                                        /s/
6                                           HONORABLE CHARLES R. BREYER
                                          UNITED STATES DISTRICT JUDGE