1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10                         SAN FRANCISCO DIVISION

| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br>MDL No. 1699 |
|---|---|
| This Order Relates to:<br><br>ALL CASES. | **STIPULATION AND PRETRIAL ORDER NO. 28: FIRST SUPPLEMENTAL STIPULATED PROTECTIVE ORDER** |

**I.   SCOPE OF ORDER**

1.   <u>Order Applicable to All Cases in MDL Proceedings</u>.  This order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates only to specific cases.  This Order also shall apply to discovery provided by PBMs and TPAs (as defined below) pursuant to subpoena.

2.   <u>Original Protective Order Remains in Effect</u>.  This Order is intended to supplement and not to replace "PRETRIAL ORDER NO. 3: STIPULATED PROTECTIVE ORDER" entered by the Court, dated February 7, 2006 ("Original Protective Order").  All provisions of the Original Protective Order shall remain in full force and effect except as specified in this Order.

3.      <u>Definitions</u>.  All terms defined in the Original Protective Order shall have the same meaning when used herein.  As used herein, the following terms shall have the following meanings:

      a.      "Health Plan" shall refer to any Plaintiff or purported class member in the MDL proceedings engaged in the business of providing health insurance or health care benefits.

      b.      "Third Party Administrator" or "TPA" shall refer to any person or entity that contracts with a Health Plan to administer or manage the business and operations of the Health Plan in whole or in part, including by contracting with a Pharmacy Benefit Manager or otherwise.

      c.      "Pharmacy Benefit Manager" or "PBM" shall refer to any person or entity that contracts with a Health Plan or TPA to provide pharmacy benefit management services.

**II.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" DESIGNATION**

4.      <u>Designation of Highly Confidential Information</u>.  Any Confidential Information, as defined in the Original Protective Order, furnished to a party in conjunction with this litigation that contains non-public information regarding:

      a.      contracts (i) between Health Plans, TPAs, plan sponsors, coalitions, or other entities and PBMs, or (ii) between Health Plans or PBMs and pharmaceutical manufacturers, or other documents containing pricing, rebate, or discount information, that the producing party determines in good faith will harm its competitive position if disclosed to a competitor or customer of the producing party; or

      b.      considerations, deliberations, recommendations, or determinations of "pharmacy and therapeutics committees" of PBMs or other persons or committees regarding the inclusion of Celebrex or Bextra or other non-steroidal anti-inflammatory drugs ("NSAIDs") on formularies; or

      c.      business strategies or financial matters that the producing party determines in good faith qualify as trade secrets that would harm its competitive position if disclosed to a competitor or customer of the producing party;

/////

-2-
STIPULATION AND PRETRIAL ORDER NO. 28: FIRST SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER – M:05-CV-01699-CRB

may be designated by the Supplying Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.  <u>Scope of Material Subject to Highly Confidential Information Designation</u>.  The provisions of this Order extend to all documents or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" regardless of the manner in which it is disclosed, including, but not limited to, documents, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any other discovery materials produced in response to or in connection with any discovery in the MDL proceedings, and any copies, notes, abstracts, or summaries of the foregoing materials.  Paragraph 28 of the Original Protective Order shall extend to inadvertently produced Highly Confidential Information.

6.  <u>Treatment of Highly Confidential Information</u>.  The party receiving documents or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (A) shall treat it as CONFIDENTIAL pursuant to the terms of the Original Protective Order and (B) shall not use or disclose the documents and information except in compliance with the terms of this Order or such orders as may be issued by the Court during the course of this litigation.  Any party may challenge the designation of any discovery material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by seeking first to resolve the issue by negotiation with the Supplying Party, and thereafter by motion seeking appropriate relief.

7.  <u>Disclosure of Highly Confidential Information</u>.  Notwithstanding any other provision of this Order or the Original Protective Order, no party or other person or entity receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information shall reveal, disclose, or produce said documents or any information contained therein, except to: (a) the Court and its support personnel, in compliance with paragraph 30 of the Original Protective Order; (b) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; (c) stenographers engaged to transcribe depositions conducted in this action; (d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such expert is not a current employee of any

party, a customer of the producing party, a pharmaceutical manufacturer, a health benefit plan, or a business engaged in providing, administering, or managing health insurance, health care benefits, or pharmaceutical benefits (whether such business be a plaintiff, defendant, or non-party); and (e) a party or non-party witness who may be examined and may testify concerning such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information if it appears from its face or from other documents that the witness is the author or recipient of such information.

8.  <u>Signature of Acknowledgment Prior to Disclosure of Highly Confidential Information</u>.  Prior to the disclosure of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any person identified in paragraph 7(d) - (e), each putative recipient of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be provided with copies of the Original Protective Order and this Protective Order, which he or she shall read. Upon reading the Protective Orders, such person shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Orders and shall abide by their terms. These Acknowledgments are strictly confidential and are to be maintained in accordance with paragraph 23 of the Original Protective Order.

**IT IS SO STIPULATED.**

Dated:  March 25, 2008                LIEFF CABRASER HEIMANN & BERNSTEIN LLP

By   /s/
     ELIZABETH J. CABRASER
     Plaintiffs' Liaison Counsel

Dated:  March 25, 2008                DLA PIPER US LLP

By   /s/
     AMY W. SCHULMAN
     Defendants' Liaison Counsel

1 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3 Dated: March 26, 2008                               /s/
                                          HONORABLE CHARLES R. BREYER
                                          UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned agrees:

    I declare under penalty of perjury that I have read in their entirety and understand the Stipulated Protective Order and the First Supplemental Stipulated Protective Order that were issued by the United States District Court for the Northern District of California on February 7, 2006, and _____ [date], 2008, respectively (collectively the "Stipulated Protective Orders"), in *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation*, MDL No. 1699. I agree to comply with and to be bound by all the terms of the Stipulated Protective Orders and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Orders to any person or entity except in strict compliance with the provisions of the Orders.

    I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulated Protective Orders, even if such enforcement proceedings occur after termination of these proceedings.

    I hereby appoint _____ [print or type full name] of _____

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                [printed name]

Signature: _____
                         [signature]