IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | No. MDL 05-01699 CRB<br><br>**ORDER RE: SUMMARY JUDGMENT MOTION AND PRETRIAL HEARING AGENDA** |

*This document relates to:*

    Beverly Haslam, 06-2145 CRB

_____/

Now pending before the Court are (1) defendants' motion for summary judgment; (2) the parties' motions in limine, and (3) defendants' motion to exclude certain expert opinions.

**A.    Summary Judgment Motion**

After carefully considering the summary judgment argument and evidence, the Court is prepared to rule on defendants' motion as is set forth below. The Court will issue an opinion with a full explication of its reasons at a later date; in the meantime the Court wanted to advise the parties of its rulings to facilitate their preparation for Tuesday's hearing and to give them ample opportunity to adjust their trial strategy.

Defendants' motion for summary judgment on the failure to warn claims is DENIED. The FDA did not expressly find that a cardiovascular risk warning was "scientifically unsubstantiated." The FDA rejected Pfizer's proposed CABG-1 warning in the context of

Pfizer's attempt to have Bextra approved with an acute pain indication. The FDA did not approve that indication because of the cardiovascular risk concerns raised by CABG-1 and the inadequacy of the proposed warning.

Defendants' motion for summary judgment on plaintiff's claim for punitive damages is GRANTED. Utah law applies and plaintiff has not produced evidence sufficient to permit a reasonable trier of fact to find that defendant "knowingly withheld or misrepresented information required to be submitted to the [FDA] under its regulations, which information was material and relevant to the claimant's harm." Utah Code Ann. § 78-18-2(2). See Plaintiff's Opposition at p. 18.

Defendants' motion for summary judgment of plaintiff's strict liability design defects claim is GRANTED. See Grundberg v. Upjohn Co., 813 P.2d 89, 98 (Utah 1991).

Defendants' motion for summary judgment of plaintiff's strict liability manufacturing defects claim is GRANTED. See Wankier v. Crown Equipment Corp., 353 F.3d 862, 867 (10th Cir. 2003).

Defendants' motion for summary judgment of plaintiff's fraudulent concealment claim is DENIED. A reasonable trier of fact could find that defendants did not warn Dr. Gaspari of cardiovascular risks and that such a warning would have made a difference to Dr. Gaspari's prescribing decision, that is, that he "relied on" the lack of a warning. As the parties do not specifically identify any affirmative statements on which a claim for fraudulent misrepresentation would be based, the Court cannot otherwise rule on the motion.

**B.     April 29 Hearing Agenda**

The hearing on April 29, 2008 will commence at 9:00 a.m. in Courtroom 8. The Court anticipates hearing oral argument on the motions in limine from 9:00 a.m. until 11:00 a.m. Rather than divide the time between the parties, the Court will advise the parties of its tentative view and then hear discussion from each side as needed.

The rest of the hearing will be spent on defendants' motion to exclude expert testimony. The parties should be prepared to begin with the motion to exclude the non-scientific testimony, that is, the testimony regarding what Pfizer knew, its conduct, and so on.

Pfizer should begin the argument by advising the Court of what, precisely, it is moving to exclude after considering plaintiff's response to its motion.

The parties should next focus on defendants' motion to exclude any opinion that Bextra doubles the risk of adverse cardiovascular events. Plaintiff shall commence the argument by presenting the basis for her experts' opinions.

The Court anticipates taking a 45 minute lunch break at 12:30 p.m.

**IT IS SO ORDERED.**

Dated: April 28, 2008



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE