UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL PLAINTIFFS LISTED IN SCHEDULE A. | **PRETRIAL ORDER NO. 29: PROVISION OF CASE-SPECIFIC EXPERT REPORTS REGARDING SPECIFIC CAUSATION** |

1. <u>Order Applicable to All Cases Listed in Schedule A</u>.  This Order shall apply to all plaintiffs listed in Schedule A.

2. <u>Plaintiffs' Obligation to Service Case-Specific Expert Reports</u>.  In addition to each plaintiff's obligation under Pretrial Order No. 6 to serve a Plaintiff Fact Sheet ("PFS"), all responsive documents (or a written notice that none are in the possession of plaintiff or plaintiff's counsel), and properly executed authorizations, each plaintiff listed in Schedule A (including each personal representative of an estate of any deceased or of any incompetent user of Celebrex® and/or Bextra®) and the plaintiff's counsel, in consultation with such medical advisor(s) as they see fit to consult, shall consider whether there are good grounds to continue the action in light of the plaintiff's individual circumstances.  If so, then the plaintiff shall serve a Rule 26(a)(2) case-specific expert report regarding specific causation, signed and sworn to by a physician or other

medical expert (a "Case-Specific Expert Report").  Plaintiffs shall send the Case-Specific Expert Reports to Defendants' counsel by a manner agreed to by the parties.

3. <u>Contents of Case-Specific Expert Report</u>.  Each Case-Specific Expert Report shall include the following information:

   a. <u>Plaintiff's Information</u>.  The plaintiff's name and date of birth;

   b. <u>Expert's Information</u>.  The name, professional address, and curriculum vitae of the expert, including a list of all publications authored by the witness within the preceding ten years;

   c. <u>Plaintiff's Medical Records</u>.  A list of the plaintiff's medical records reviewed by the expert prior to the preparation of the Case-Specific Expert Report by Bates number, as well as copies of any such records not posted on the web site of the medical record vendor hired jointly by the parties;

   d. <u>Use Dates</u>.  The dates during which the plaintiff used Celebrex® and/or Bextra® <u>and</u> references to the Bates numbers of the particular pages relied upon as evidence of such use (or the actual pages if the pages are not Bates stamped);

   e. <u>Plaintiff's Prescribing Physician</u>.  The name(s) of the physician(s) who prescribed Bextra and/or Celebrex to the plaintiff;

   f. <u>Plaintiff's Injury</u>.  Whether the plaintiff's medical records report that the plaintiff experienced a myocardial infarction, ischemic stroke, sudden death, or any other injury while the plaintiff was taking Celebrex® and/or Bextra® and, if so: (i) the nature of the alleged injury; (ii) the date of the alleged injury; and (iii) references to the particular pages relied upon as evidence of such myocardial infarction, ischemic stroke, sudden death, or other injury.

4. <u>Schedule for Serving Case-Specific Expert Reports</u>.  Each plaintiff listed in Schedule A shall have 45 days from entry of this Order to serve upon defendants' counsel a complete and signed Case-Specific Expert Report.

5. <u>Dismissal of Plaintiffs Who Fail to Provide Case-Specific Expert Reports</u>. Any plaintiff who fails to provide a Case-Specific Expert Report that complies with this Order

within the applicable timeline will be subject to having his or her claims, as well as any derivative claim(s), dismissed with prejudice pursuant to the following procedure:

    a.    <u>Deficiency Letter</u>.  When any plaintiff fails to provide a Case-Specific Expert Report that complies with this Order, defendants' counsel may write a letter to plaintiff's counsel and identify with particularity the alleged deficiency ("the deficiency letter").  The letter shall state that the plaintiff will have seven (7) days to cure the alleged deficiency and that absent cure of the alleged deficiency within that time (or within any extension of that time as agreed to by the parties), defendants may move for dismissal of plaintiff's claims, including dismissal with prejudice.

    b.    <u>Compliance Motion</u>.  If plaintiff's counsel does not provide a Case-Specific Expert Report that complies with this Order within seven days of receipt of the deficiency letter, defendants' counsel may file a motion with the Special Master seeking an order requiring plaintiff to comply with this Order or face a motion to dismiss with prejudice, or other sanctions (a "compliance motion").  Such compliance motions shall be heard on an expedited basis.  A compliance motion may be noticed fourteen (14) calendar days before the hearing date, with any opposition to be filed seven (7) calendar days before the hearing and any reply to be filed three (3) calendar days before the hearing.

    c.    <u>Compliance Order</u>.  If the Special Master determines that a plaintiff has failed to provide a Case-Specific Expert Report that complies with this Order, the Special Master shall order plaintiff to comply with this Order within seven (7) days or face dismissal or other appropriate sanctions as determined by the Court ("the compliance order").

    d.    <u>Failure to Comply with Special Master's Order and Motion to Dismiss</u>.  If plaintiff does not comply with the compliance order within seven (7) days, defendants' counsel may file a motion with the Court to dismiss plaintiff's claims with prejudice or for other appropriate sanctions (a "motion to dismiss").  No further notice to plaintiff's counsel shall be required.  Such motions to dismiss shall be heard on an expedited basis.  A motion to dismiss may be noticed fourteen (14) calendar days before the hearing date, with any opposition to be filed seven (7) calendar days before the hearing and any reply to be filed three (3) calendar

1  days before the hearing.  If the Court determines that plaintiff has not complied with the
2  compliance order, it may dismiss plaintiff's claims with prejudice or impose other sanctions as it
3  deems appropriate.

4        6.   <u>A Written Report to the Court.</u>  On or before September 29, 2008, the
5  parties, either jointly or separately, shall provide the Court with a written report on the status of
6  plaintiffs' compliance with PTO 29 and a recommendation as to how the Court should proceed to
7  expeditiously resolve any pending cases.

8     **IT IS SO ORDERED.**

9  Dated:  August 1, 2008                        /s/
10                                           HONORABLE CHARLES R. BREYER
                                          UNITED STATES DISTRICT JUDGE