UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL PLAINTIFFS SUBJECT TO PRETRIAL ORDER NO. 29. | **PRETRIAL ORDER NO. 30:  MOTIONS AND OTHER PROCEEDINGS FOR PLAINTIFFS SUBJECT TO PRETRIAL ORDER NO. 29** |

1.      <u>Order Applicable to All Cases Subject to Pretrial Order No. 29</u>.  This Order shall apply to all plaintiffs listed in Schedule A to Pretrial Order No. 29 ("the PTO 29 Plaintiffs").

2.      <u>Schedule for Compliance Motions and Motions to Dismiss for Failure to Comply with PTO 29</u>.

        a.      <u>Deadline for Compliance with PTO 29</u>.  The PTO 29 Plaintiffs must provide the case-specific expert reports required by PTO 29 by September 15, 2008.

        b.      <u>Deficiency Letters for Failure to Provide Expert Reports</u>.  If any PTO 29 Plaintiff fails to provide an expert report by September 15, Pfizer may send a deficiency letter to Plaintiffs' counsel on September 16 pursuant to paragraph 5(a) of PTO 29.  If any PTO 29 Plaintiff provides an expert report but fails to provide the information and documentation required by PTO 29, Pfizer may send deficiency letters on September 16 or at a later time.

-1-

c.      Compliance Motion.  If any PTO 29 Plaintiff does not provide an expert report by September 23, Pfizer may file a compliance motion with the Special Master on September 24.  If Pfizer files a compliance motion on that day, the hearing on the compliance motion will take place on October 9, with any opposition filed on October 1 and any reply filed on October 6.

d.      Compliance Order.  If the Special Master grants Pfizer's compliance motion on October 9, the Special Master shall give any delinquent PTO 29 Plaintiff seven days (*i.e.*, until October 16) to provide an expert report.

e.      Motion to Dismiss.  If any PTO 29 Plaintiff still does not provide a report by October 16, Pfizer may file a motion to dismiss on October 17.  If Pfizer files a motion to dismiss on that day, the hearing on the motion to dismiss will take place on Friday, October 31 at 10:00 a.m.  Any opposition to the motion to dismiss shall be filed on October 23, and any reply shall be filed on October 28.

3.      Motion for Summary Judgment.

a.      Grounds for Motion.  By October 3, Pfizer may file a motion for summary judgment for any PTO 29 Plaintiff who:  (1) took Celebrex at a daily dose of 200 mg or less at the time the Plaintiff suffered his or her alleged injury; (2) was not taking Celebrex within three days of his or her injury; (3) did not suffer a myocardial infarction or stroke while taking Bextra or Celebrex; (4) suffered an injury after the implementation of the boxed cardiovascular warning for Celebrex; and/or (5) did not file before the applicable statute of limitations deadline.

b.      Schedule for Motion.  If Pfizer files any such motion for summary judgment by October 3, the Court will hear the motion on Monday, November 3, 2008 at 2:15 p.m.  The PTO 29 Plaintiffs' opposition (if any) shall be filed by Friday, October 17; Pfizer shall file any reply by Friday, October 24.

c.      Plaintiffs Who Provide Late PTO 29 Report.  If a PTO 29 Plaintiff produces a PTO 29 report after September 15 but before November 3, 2008, and that Plaintiff is subject to the motion on one of the grounds included in Pfizer's already-filed motion, Pfizer may

1   add such Plaintiff to the motion for summary judgment to be heard on November 3, 2008, subject

2   to any such Plaintiff having sufficient time to file any opposition.

3                 d.      <u>No Waiver of Other Motions for Summary Judgment</u>.  This

4   provision shall not be construed to waive or limit any motions for summary judgment Pfizer may

5   wish to file at a later time, including motions on the grounds identified above.

6                4.      <u>Bextra General Causation Proceedings</u>.

7                 a.      <u>Bextra General Causation Reports</u>.  By October 31, 2008, PTO 29

8   Plaintiffs must submit Rule 26(a)(2) expert disclosures regarding general causation with respect

9   to any injuries claimed by PTO 29 Plaintiffs who took Bextra, including but not limited to

10  myocardial infarctions and strokes.  For purposes of this Order, the term "general causation

11  experts" refers to experts who will opine as to whether ingestion of Bextra can cause the injuries

12  claimed by the PTO 29 Plaintiffs who took Bextra and, if so, under what circumstances.  PTO 29

13  Plaintiffs may designate up to four general causation experts, subject to the agreement of the

14  parties or leave of Court for a greater number.

15                b.      <u>Production of Expert Files Contemporaneously with Disclosures</u>.

16  The PTO 29 Plaintiffs shall produce to Pfizer's counsel all documents, articles, data compilations

17  and other material not previously produced which the expert reviewed in formulating his or her

18  opinions contemporaneously with the expert disclosures.  For published medical literature, the

19  PTO 29 Plaintiffs may provide a bibliography for any expert, but Pfizer's counsel may request a

20  copy of any articles cited in the bibliography if needed.  Experts may not submit supplemental

21  reference lists or bibliographies after the submission of their expert reports.

22                c.      <u>Depositions</u>.  Absent agreement of counsel or good cause shown,

23  depositions of the PTO 29 Plaintiffs' general causation experts shall take place by Friday,

24  November 14, 2008.

25                d.      <u>Motion Schedule</u>.  If Pfizer wishes to challenge the admissibility of

26  any opinion expressed by any of the general causation experts designated by the PTO 29

27  Plaintiffs, Pfizer shall file and serve such motion by Friday, November 21, 2008.  The PTO 29

28  /////

-3-

1    Plaintiffs shall file and serve any opposition by Friday, December 12, 2008, and Pfizer shall file

2    any reply by Friday, December 19, 2008.

3                          e.      Hearing.  The Court shall hold a hearing on any motion filed by

4    Pfizer on January 20-22, 2009.  The PTO 29 Plaintiffs' experts must be available for examination

5    during those days.  If Pfizer intends to call any experts to testify at the hearing, the parties shall

6    submit a proposed order to address discovery relating to those experts' opinions.

7                          f.      Coordination with State Court Proceedings.  The Court will invite

8    state court judges overseeing statewide coordinated proceedings to attend and/or participate in the

9    hearing if they so wish (e.g., as is provided in New York Case Management Order No. 2).

10            5.      Additional Expert Reports.  Any PTO 29 Plaintiff whose case is not

11   dismissed as a result of Pfizer's motion for summary judgment or Bextra general causation

12   motion must provide an Additional Case-Specific Expert Report as follows:

13                          a.      Schedule for Serving Additional Case-Specific Expert Reports.

14                          i.      Celebrex Plaintiffs.  Each PTO 29 Plaintiff who took Celebrex

15   shall have until Friday, February 27, 2009 to serve upon Pfizer's counsel a complete and signed

16   Additional Case-Specific Expert Report.

17                          ii.      Bextra Plaintiffs.  Each PTO 29 Plaintiff who took Bextra shall

18   have until Friday, March 27, 2009, or thirty days after the Court issues a decision on Pfizer's

19   motion, whichever is later, to serve upon Pfizer's counsel a complete and signed Additional Case-

20   Specific Expert Report.

21                          b.      Contents of Additional Case-Specific Expert Report.  Each

22   Additional Case-Specific Expert Report must contain the following:

23                          i.      Expert's Specific Causation Opinion(s).  The expert's

24   opinion(s) with respect to the causation of each Plaintiff's claimed injury, including the cause of

25   death (if applicable);

26                          ii.      Expert's Other Opinion(s).  Any other opinion(s) the expert

27   intends to offer;

28   /////

-4-

iii.   <u>Bases for Expert's Opinion(s)</u>.  All grounds for the opinions expressed by the expert;

iv.   <u>All Information Received or Considered by Expert</u>.  Any data or other information considered by the expert in forming the opinions, including a specific list of the documents the expert received in forming his or her opinion; and

v.   <u>Any Documents Summarizing or Supporting Expert's Opinion(s)</u>.  Any exhibits and/or documents other than the medical records listed above to be used as a summary of or support for the expert's opinions.

c.   <u>Dismissal of Plaintiffs Who Fail to Provide Additional Case-Specific Expert Reports</u>.  Any PTO 29 Plaintiff who fails to provide an Additional Case-Specific Expert Report that complies with this Order will be subject to having his or her claims, as well as any derivative claim(s), dismissed with prejudice pursuant to the procedure outlined in PTO 29, paragraph 5.

6.   <u>Case-Specific Discovery and Selection of Trial Plaintiffs</u>.  Pfizer shall not be required to make replacement selections for its existing party selections under Pretrial Order No. 18, paragraph 10(b), until the Court resolves any admissibility motions under paragraph 4 of this Order or March 27, 2009, whichever is later.  No case-specific discovery involving any of the PTO 29 Plaintiffs other than the expert reports and motions required by this Order shall proceed until Pfizer makes such selections.

**IT IS SO ORDERED.**

Dated:  September 17, 2008

_____/s/_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE