1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL CASES. | **[PROPOSED] PRETRIAL ORDER NO. 8C: AMENDMENT TO ORDER ESTABLISHING COMMON BENEFIT FUND** |

1.      <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order shall apply to all cases currently pending in MDL No. 1699 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made a part of these proceedings and shall govern each case in the proceedings.

2.      <u>Amendment to Paragraph 7 of Pretrial Order No. 8A</u>.  This Order shall amend paragraphs 7 and 9 of Pretrial Order No. 8A.  Nothing in this Order shall be construed to amend any other portion of Pretrial Order No. 8 or Pretrial Order No. 8A, unless otherwise provided.

3.      <u>Payments to Common Benefit Fund</u>.  Paragraph 7 of Pretrial Order No. 8A hereby is amended as follows:

/////

-1-

a.      <u>Third Party Escrow Agent May Calculate and Pay Common Benefit Assessment</u>.  If Pfizer and any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL assessment by virtue of Plaintiffs' counsel's participation in an MDL common benefit agreement), and such settlement calls for Pfizer to deposit the settlement proceeds into an escrow account managed by an independent escrow agent other than Plaintiffs' counsel (a "third party escrow agent"), unless otherwise agreed by the Plaintiffs' Steering Committee ("PSC"), the third party escrow agent shall calculate and pay the common benefit assessment to the common benefit fund from the settlement proceeds prior to disbursing any settlement proceeds to the Plaintiffs' counsel or the Plaintiffs' counsel's clients in accordance with the terms of any settlement agreement.  In all such settlements, Plaintiffs' counsel shall assume responsibility for the third party escrow agent's compliance with Pretrial Order No. 8, Pretrial Order No. 8A, Pretrial Order No. 8B, and this Order (collectively, "the Common Benefit Orders"); Pfizer shall not be required to calculate, pay, or otherwise assume any responsibility for any common benefit assessments to be paid to the PSC.

b.      <u>Payment of Common Benefit Assessment Where No Third Party Escrow Agent</u>.  If Pfizer and any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL assessment by virtue of Plaintiffs' counsel's participation in an MDL common benefit agreement), and such settlement does <u>not</u> call for Pfizer to deposit the settlement proceeds into an escrow account managed by a third party escrow agent, unless otherwise agreed by the PSC, Pfizer shall pay the assessment amount required by the Common Benefit Orders to the common benefit fund established by Plaintiffs' Liaison Counsel prior to disbursing the remaining settlement proceeds to Plaintiffs' counsel in accordance with the terms of any settlement agreement.  If the Plaintiffs' counsel is a Non-Participating Attorney, Paragraph 7(c) of Pretrial Order No. 8A hereby is amended so that the Non-Participating Attorney does not have to submit to Pfizer proof of payment to the common benefit fund prior to Pfizer disbursing the remaining settlement proceeds.

4.      <u>Common Benefit Status Certification</u>.  Paragraph 7 of Pretrial Order No. 8A requires Plaintiffs' counsel to certify to Pfizer whether they are Early Participating Attorneys,

-2-

[PROPOSED] PRETRIAL ORDER NO. 8C:  AMENDMENT TO ORDER
ESTABLISHING COMMON BENEFIT FUND – M:05-CV-01699-CRB

1   Later Participating Attorneys, or Non-Participating Attorneys ("Common Benefit Status

2   Certification").  That paragraph hereby is amended as follows:

3               a.      Form & Content of Common Benefit Status Certification.

4   Common Benefit Status Certifications may be in the form of a letter signed by Plaintiffs' counsel

5   (copied to Plaintiffs' Liaison Counsel) and shall specify the percentage assessment to be imposed

6   on the settlement proceeds (if any).  For the convenience of counsel, this Order provides

7   templates for Common Benefit Status Certifications for Early Participating Attorneys (Exhibit A),

8   Later Participating Attorneys (Exhibit B), and Non-Participating Attorneys (Exhibit C).

9               b.      Only One Common Benefit Status Certification Required.

10  Plaintiffs' counsel only have to provide a Common Benefit Status Certification once when they

11  settle their first case in these proceedings.

12              c.      When Pfizer Must Receive Common Benefit Status Certification.

13                      i.      Settlements with Third Party Escrow Agents.  If Pfizer and

14  any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL assessment by

15  virtue of Plaintiffs' counsel's participation in an MDL common benefit agreement), and such

16  settlement calls for Pfizer to deposit the settlement proceeds into an escrow account managed by a

17  third party escrow agent, Pfizer may disburse the settlement proceeds to that escrow account prior

18  to Pfizer's receipt of the Common Benefit Status Certification.  The third party escrow agent,

19  however, shall not disburse any settlement proceeds to the Plaintiffs' counsel or the Plaintiffs'

20  counsel's clients in accordance with the terms of any settlement agreement until Pfizer has

21  received the Common Benefit Status Certification.

22                      ii.     Settlements Not Involving Third Party Escrow Agents.  If

23  Pfizer and any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL

24  assessment by virtue of Plaintiffs' counsel's participation in an MDL common benefit

25  agreement), and such settlement does not call for Pfizer to deposit the settlement proceeds into an

26  escrow account managed by a third party escrow agent, unless otherwise agreed by the PSC,

27  Pfizer may not disburse any settlement proceeds until Pfizer has received the Common Benefit

28  Status Certification from Plaintiffs' counsel.

-3-

[PROPOSED] PRETRIAL ORDER NO. 8C:  AMENDMENT TO ORDER
ESTABLISHING COMMON BENEFIT FUND – M:05-CV-01699-CRB

1             d.      <u>Common Benefit Status Certification Not Required with</u>

2    <u>Dismissals</u>.  The parties need not submit Common Benefit Status Certifications when they file

3    dismissals with the Court.

4           5.     <u>Pfizer Reporting Obligation Terminated Other Than for Settlements</u>

5    <u>Involving Third Party Escrow Agents</u>.  Paragraph 9 of Pretrial Order No. 8A is hereby amended

6    as follows:

7             a.     <u>Settlements Not Involving Third Party Escrow Agent</u>.  If Pfizer and

8    any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL assessment by

9    virtue of Plaintiffs' counsel's participation in an MDL common benefit agreement), and such

10   settlement does <u>not</u> call for Pfizer to deposit the settlement proceeds into an escrow account

11   managed by a third party escrow agent, Pfizer shall <u>not</u> be required to report such settlements to

12   Plaintiffs' Liaison Counsel, as was required by paragraph 9 of Pretrial Order No. 8A.

13            b.     <u>Settlements Involving Third Party Escrow Agents</u>.  If Pfizer and

14   any Plaintiffs' counsel settle an MDL case (or other cases subject to an MDL assessment by

15   virtue of Plaintiffs' counsel's participation in an MDL common benefit agreement), and such

16   settlement calls for Pfizer to deposit the settlement proceeds into an escrow account managed by a

17   third party escrow agent, Pfizer must provide to Plaintiffs' Liaison Counsel a confidential list of

18   all Plaintiffs' counsel who enter into such settlements on a monthly basis.  The content of that list

19   shall be consistent with the provisions of paragraph 9 of Pretrial Order No. 8A.

20   **IT IS SO ORDERED.**

21

22         December 1, 2008
     Dated: ~~November ___~~, 2008

23   _____

     HONORABLE CHARLES R. BREYER
     UNITED STATES DIST...

24

25

26

27

28



-4-

[PROPOSED] PRETRIAL ORDER NO. 8C:  AMENDMENT TO ORDER
ESTABLISHING COMMON BENEFIT FUND – M:05-CV-01699-CRB

# EXHIBIT A

Loren H. Brown
Attn:  Bextra/Celebrex Settlement
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

**Re:** ***In Re:  Bextra & Celebrex Marketing, Sales Practices, & Product Liability Litigation***,
 **MDL No. 1699 (N.D. Cal.)**

## COMMON BENEFIT STATUS CERTIFICATION

### EARLY PARTICIPATING ATTORNEYS

Dear Mr. Brown:

I hereby certify that, pursuant to paragraph 5 of Pretrial Order No. 8A, I am an **Early
Participating Attorney** subject to an **eight percent  (8%)** assessment of the gross monetary
recovery in <u>all</u> cases subject to my settlement with Pfizer (six percent (6%) deemed fees to be
subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%)
deemed costs to be subtracted from the client portion of individual fee contracts).

Sincerely,

[Plaintiffs' counsel]

cc:	Elizabeth J. Cabraser, Esq., Plaintiffs' Liaison Counsel

# EXHIBIT B

Loren H. Brown
Attn:  Bextra/Celebrex Settlement
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

**Re:**    *In Re:  Bextra & Celebrex Marketing, Sales Practices, & Product Liability Litigation*,
      **MDL No. 1699 (N.D. Cal.)**

## <u>COMMON BENEFIT STATUS CERTIFICATION</u>

### LATER PARTICIPATING ATTORNEYS

Dear Mr. Brown:

I hereby certify that, pursuant to paragraph 5 of Pretrial Order No. 8A, I am a **Later Participating Attorney** subject to an **ten percent  (10%)** assessment of the gross monetary recovery in <u>all</u> cases subject to my settlement with Pfizer (eight percent (8%) deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) deemed costs to be subtracted from the client portion of individual fee contracts).

Sincerely,

[Plaintiffs' counsel]

cc:    Elizabeth J. Cabraser, Esq., Plaintiffs' Liaison Counsel

# EXHIBIT C

Loren H. Brown
Attn:  Bextra/Celebrex Settlement
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

**Re:**     *In Re:  Bextra & Celebrex Marketing, Sales Practices, & Product Liability Litigation*,
        **MDL No. 1699 (N.D. Cal.)**

### COMMON BENEFIT STATUS CERTIFICATION

### NON-PARTICIPATING ATTORNEYS

Dear Mr. Brown:

I hereby certify that, pursuant to paragraph 5 of Pretrial Order No. 8A, I am a **Non-Participating Attorney** subject to an **twelve percent  (12%)** assessment of the gross monetary recovery in the <u>MDL cases only</u> subject to my settlement with Pfizer (ten percent (10%) deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) deemed costs to be subtracted from the client portion of individual fee contracts).

                        Sincerely,



                        [Plaintiffs' counsel]

cc:     Elizabeth J. Cabraser, Esq., Plaintiffs' Liaison Counsel

EAST\42244028.1