1  Elizabeth J. Cabraser
   ecabraser@lchb.com
2  Scott P. Nealey
   snealey@lchb.com
3  LIEFF, CABRASER, HEIMANN, & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
4  San Francisco, CA  94111-3339
   Telephone: (415) 956-1000
5  Facsimile: (415) 956-1008

6  *Plaintiffs' Liaison Counsel*

7  Steve W. Berman
   steve@hbsslaw.com
8  Lisa Hasselman
   lisah@hbsslaw.com
9  HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Fifth Avenue, Suite 2900
10 Seattle, Washington  98101
   Telephone: (206) 623-7292
11 Facsimile: (206) 623-0594

12 *Plaintiffs' Purchaser Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | No. M:05-CV-01699-CRB <br><br> MDL No. 1699 |
| THIS RELATES TO: <br><br> ALL PURCHASER CASES | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |
[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT - M:05-CV-01699-CRB
001682-15 274154 V1

1  WHEREAS, this matter has come before the Court pursuant to a Motion for Preliminary
2  Approval of Settlement;
3  WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties
4  under 28 U.S.C. § 1331 and that venue is proper in this district; and
5  WHEREAS, this Court conducted a hearing on March 20, 2009, with regard to a Settlement
6  between Plaintiffs and Pfizer Inc. ("Pfizer"), and has fully considered the record of these
7  proceedings, the representations, argument, and recommendation of counsel for the moving parties,
8  and the requirements of law;

**IT IS HEREBY ORDERED THAT:**

### I. Preliminary Approval of the Settlement Agreement and Release and Certification of Settlement Class

The terms of the Settlement Agreement and Release between Plaintiffs and Defendant Pfizer, dated March 13, 2009, are preliminarily approved, subject to further consideration thereof prior to or at the Final Approval Hearing provided for below. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meaning in this Order. The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations lasting many months. The Settlement was presided over by experienced mediators. The Settlement Agreement is not the result of collusion. The Settlement bears a reasonable relationship to the claims alleged by plaintiffs and the litigation risks of plaintiffs as well as Pfizer. The Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided by this Order.

The Court further finds, on a preliminary basis for settlement purposes only, that the Rule 23 factors are present and that certification of the following subclasses (referred to collectively as the "Settlement Class" or the "Class") is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

> Class 1: Bextra or Bextra and Celebrex Consumer Subclass: All consumers located in the United States who purchased or paid for prescriptions of Bextra or both Bextra and Celebrex. Class members who purchased or paid for both Bextra and Celebrex will receive compensation based on their Bextra purchases only, in exchange for releasing their claims for both Bextra and Celebrex purchases.

[PROPOSED] ORDER GRANTING PRELIMINARY         - 1 -
APPROVAL OF SETTLEMENT - M:05-CV-01699-CRB
001682-15 274154 V1

> Class 2: Celebrex ONLY Consumer Subclass: All consumers located in the United States who purchased or paid for prescriptions of Celebrex, but not Bextra, prior to July 29, 2005. This class and subclass does not include individuals who only purchased or paid for Celebrex after July 29, 2005.
>
> Class 3: Bextra and Celebrex TPP Subclass: All TPPs, as defined as all entities that: (a) provide, sponsor or insure a healthcare plan, which includes prescription drug coverage to natural persons, and (b) purchase, pay or insure all or part of the cost of prescription drugs prescribed and dispensed to those persons pursuant to a health plan, located in the United States who reimbursed or paid for Bextra and/or Celebrex. Class members who purchased or paid for both Bextra and Celebrex will receive compensation based on their Bextra purchases only, in exchange for releasing their claims for both Bextra and Celebrex purchases.

Excluded from the proposed Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest in Defendant, and Defendants' legal representatives, predecessors, successors and assigns; the judicial officers to whom this case is assigned; any member of the immediate families of excluded persons; governmental agencies and those who resold Celebrex and/or Bextra, and any consumer who has released his/her claims against Pfizer related to Celebrex and/or Bextra.

Those entities that own or operate businesses referred to commonly as pharmacy benefit managers ("PBMs") or third party administrators ("TPAs") and who as part of their business operation contract with ultimate TPPs of a prescription pharmaceutical benefit to perform certain services in the administration and management of that prescription pharmaceutical benefit for those ultimate TPPs are not class members under the Settlement Class definition. The Settlement Class, specifically the Bextra and Celebrex TPP subclass, includes the ultimate TPPs providing the prescription pharmaceutical benefit and not the PBMs or TPAs with which those TPPs contract to administer or manage that prescription benefit on behalf of the class members, unless such PBMs or TPAs are the fiduciary of the TPPs or by contract assumed, in whole or in party, the insurance risk of that prescription pharmaceutical benefit during the class period.

## II.   Class Representatives

The Court preliminarily appoints the following as class representatives of the Settlement Class: ASEA/AFSCME Local 52 Health Benefits Trust; Bricklayers of Indiana Welfare Fund;

Commonwealth Care Alliance; Frankenmuth Financial Group, Inc.; IBEW 673 Fringe Benefit Fund; IBEW Local 129 Fringe Benefit Funds; IBEW Local 683 Fringe Benefit Funds; IBEW Local 32 Health and Welfare Fund; Indiana Carpenters Health and Welfare Fund; Indiana Electrical Workers Local 481 Benefit Trust; Indiana State Council of Roofers Health and Welfare Fund; Indiana State District Council of Laborers and Hod Carriers Welfare Fund; Metal Trades Branch Welfare Fund; Michiana Area Electrical Workers Health and Welfare Fund; New England Carpenters Health Benefits Fund; Painters Local No. 469 Health and Welfare Fund; Painting Industry Insurance and Annuity Funds; Pipe Trades Industry Health and Welfare Plan; Plumbers and Steamfitters Local No. 166 Health and Welfare Plan; Plumbers and Steamfitters Local 42 Health & Welfare Plan; Plumbers Local No. 210 Health and Welfare Fund; Service Employee International Union Local No. 3 Health & Welfare Fund; Sheet Metal Workers Local No. 20 Welfare and Benefit Fund; Sheet Metal Workers' International Association Local No. 28 of Metropolitan New York & Long Island; Southern Ohio Painters Health and Welfare Fund: Steamfitters' Industry Welfare Fund; Watters, Linda A., Offices of Financial and Insurance Services for the State of Michigan in her capacity as Rehabilitator of The Wellness Plan and in her capacity as Liquidator of Michigan Health Maintenance Organization Plans, Inc., formerly known as Omnicare Health Plan, Inc.; Nancy Ayers; Aurora Balloveras; Clara Fontanilles; Dorothy Greaves; Sarah Hare; Ronnie L. Hatcher; Beatrice Howard; Georgia Katsanos; Stephen Keisker; Rose Lohman; Michelle Madoff; Helen Marconi; Robert Mariconi; Evelyne Mayes; Judith C. Meredith; Nancy Milano; Mary Morris; Vernon Shephard; and June Swan.

### III. Settlement Timeline

The Court orders the following deadlines:

| EVENT | DATE |
| --- | --- |
| Motion for Preliminary Approval | March 13, 2009 |
| Preliminary Approval Hearing | March 20, 2009 |
| Transfer of the Class Settlement Fund to the Escrow Account | Within 10 business days after Court enters Preliminary Approval Order |

| | |
|---|---|
| Motion for Approval of Notice Program | March 27, 2009 |
| Court Approval of Notice Program | Date X (March 30, 2009)* |
| Notice and Claim Form posted on Internet | Date X + 30 days (April 30, 2009) |
| Notice, Claim Form, and TPP Opt-Out Information Request mailed | Date X + 30 days (April 30, 2009) |
| Commence publication of Short Form Notice | Date X + 27 days (April 26, 2009) |
| Postmark deadline for Opt Outs | Date X + 60 days (June 30, 2009) |
| Deadline for Claims Administrator to Provide list of opt outs and information provided | Date X + 65 days (July 6, 2009) |
| Deadline for Issuing Subpoenas for Opt Out Information | Date X + 80 days (July 20, 2009) |
| Deadline for Pfizer to terminate agreement | 15 days after receipt of opt-out data, no later than 30 days prior to final settlement hearing |
| Deadline for service of Objections upon the Court and designated counsel | Date X + 80 days (July 20, 2009) |
| Deadline for responding to Objections | Date X + 90 days (July 31, 2009) |
| Deadline for Filing Motion for Final Approval, Petition for Attorneys Fees and Reimbursement of Expenses, and Affidavit of Compliance with Notice Requirements | (August 14, 2009) |
| Deadline for filing Notice of Appearance for Final Fairness Hearing | (August 14, 2009) |
| Final Fairness Hearing | (September 25, 2009) |
| Postmark deadline for filing Claims | (October 23, 2009) |

* Remainder of dates in schedule dependant on preliminary approval on or before March 30, 2009.

### IV.  Approval of Settlement Notices and Notice Program

The Court directs that Kinsella Media, LLC be appointed the Class Notice Consultant and that Rust Consulting, Inc. be appointed the Claims Administrator (as defined in the Settlement Agreement). The Court directs Class Counsel to file a Motion for Approval of Notice Program by

March 27, 2009. The Notice Program shall include notice to the Settlement Class in the following manner or through other forms of notice approved by the Court:

(a) Publication of Short Notice Forms on dates and in publications substantially as set forth in the Notice Program;

(b) Creation and placement of a television advertisement as set forth in the Notice Program;

(c) Outreach to earned media outlets to encourage non-paid media about the Settlement as set forth in the Notice Program;

(d) Development and management of a toll free telephone number with an automated system providing information about the Settlement Agreement, with the ability to request copies of the Settlement Notices or Settlement Agreement; and

(e) Development and management of a website to provide information and permit the review and downloading of the Settlement Notices, Settlement Agreement, and exhibits to the Settlement Agreement; and

(f) To the extent practicable, direct mail of the Long Notice Form to TPPs substantially in the form contained in Exhibit 4 to the Settlement Agreement.

Class Counsel shall file a notice of substantial compliance with the approved Notice Program in conjunction with the Motion for Final Approval of Settlement.

## V. Appointment of Class Counsel

The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints the following law firms as Class Counsel pursuant to Rule 23(g): Hagens Berman Sobol Shapiro LLP and Cotchett Pitre & McCarthy.

## VI. Final Approval Hearing

The Court directs that a hearing be scheduled for _____ (September 25, 2009), on final settlement approval (the "Final Approval Hearing") before this Court at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102-3661, to consider, *inter alia*, the following: (a) whether the Settlement Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; and (c) Class Settlement Counsel's application for an award of attorneys' fees and costs. Objectors to the Settlement may be heard at the Final Approval Hearing, however, no

1  objector shall be heard and no papers or briefs submitted will be accepted or considered by the
2  Court unless, on or before _____ (August 14, 2009), any such objector: (1) has filed with the
3  Clerk of the Court in writing a notice of any such objector's intention to appear personally or, if
4  such objector intends to appear by counsel, such counsel files a notice of appearance; (2) such
5  objector personally or by counsel submits a written statement describing in full the basis for such
6  objector's opposition, and attaches any supporting documentation and a list of any and all
7  witnesses or experts whom such objector shall present to the Court; and (3) has served concurrently
8  therewith copies of such notice(s), statement(s), documentation, and list(s) together with copies of
9  any other papers or brief(s) that the objector files with the Court or wishes the Court to consider at
10 the Final Approval Hearing, upon: (i) Steve W. Berman, Hagens Berman Sobol Shapiro LLP,
11 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101, Lead Class Settlement Counsel; and (ii) Loren
12 Brown, DLA Piper, 1251 Avenue of the Americas, New York, NY 10020, Counsel for Pfizer.

**VII.  Procedures and Deadlines for Opt-Outs, Opt-Ins, and Claimants**

(A)  Appointment of Claims Administrator

The Court appoints Rust Consulting, Inc., as the Claims Administrator.

(B)  Opt-Outs

Any putative member of the Settlement subclasses who wishes to be excluded from the Settlement Class must submit a written request to be so excluded to the Claims Administrator. To be effective, any request for exclusion from the Settlement Class must be postmarked no later than _____ (June 30, 2009) and must otherwise comply with the procedures for requesting exclusion from the Settlement Class set forth in the Settlement Notices.

(C)  Claims Deadline

In order to participate in the Settlement and receive a distribution from the Settlement Fund, a Class Member must mail to the Claims Administrator a properly executed Proof of Claim and Release Form in substantially the form contained in Exhibit 6 or 11 to the Settlement Agreement. To be effective, any such Proof of Claim and Release Form must be postmarked no later than _____ (Ocotober 23, 2009), and must otherwise comply with the procedures and instructions set forth in the Proof of Claim and Release Form.

1  **SO ORDERED.**

DATED: San Francisco, California
This 20 day of March, 2009

Charles R. Breyer, Judge
United States District Court

[PROPOSED] ORDER GRANTING PRELIMINARY           - 7 -
APPROVAL OF SETTLEMENT - M:05-CV-01699-CRB
001682-15 274154 V1