UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Mikkelson, Shirley           06-4899 CRB | CASE NO. MDL No. 1699<br><br>**[PROPOSED] ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE**<br><br>**PTO 31 COMPLIANCE MOTION NO. 1** |

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited Motion to Dismiss Plaintiffs' Claims with Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, finds as follows:

The Plaintiff listed in the caption to this Order failed to comply with Pretrial Order No. 31 ("PTO 31") by failing to provide defendants with a completed Docket Data Sheet ("DDS") and responsive documents (collectively, "the material required by PTO 31"). Plaintiff also failed to comply with the order issued by the Special Master, Judge Fern M. Smith (Ret.), filed on February 20, 2009, requiring certain plaintiffs to provide the material required by PTO 31 by March 19, 2009 or face dismissal with prejudice ("the compliance order"). Plaintiff's

1  failure is particularly egregious given the numerous efforts the Court and the parties have made

2  to provide notice of plaintiff's discovery obligations, as well as the additional time plaintiff

3  received to comply with PTO 31.  (*See* Pfizer Defs.' Mem. of P. & A. in Supp. of Mot., at 4-6;

4  Declaration of Michelle W. Sadowsky in Supp. of Pfizer Defs.' Mot. to Dismiss, ¶¶ 6-11.)

5        Based on these failures, the Court also finds as follows:

6        (1)    The public's interest in expeditious resolution of this litigation is compromised by

7  plaintiff's failure to comply with PTO 31 and the Special Master's compliance order.  This Court

8  and the public have an overriding interest in securing the just, speedy, and inexpensive

9  determination of every action.  Plaintiff's delay is unreasonable and has impeded the resolution

10  of these matters.

11        (2)    The Court's need to manage its docket is compromised by plaintiff's failure to

12  comply with PTO 31 and the Special Master's compliance order.  The Court cannot effectively

13  move forward with the cases in which plaintiffs have provided the required discovery when other

14  plaintiffs have failed to do so.  Dismissal of this plaintiff will serve to appropriately penalize this

15  plaintiff for her non-compliance and also will encourage other plaintiffs to comply with this

16  Court's case management orders.

17        (3)    Defendants are prejudiced by plaintiff's failure to comply with PTO 31 and the

18  Special Master's compliance order.  Without the material required by PTO 31, the Pfizer

19  Defendants cannot meaningfully evaluate plaintiffs' cases for resolution.

20        (4)    The public policy favoring disposition on the merits is overridden by plaintiff's

21  failure to comply with PTO 31 and the Special Master's compliance order.  The Court finds that

22  plaintiff's failure to provide the required material obstructs resolution of her claims on the

23  merits.  A case that is stalled or unreasonably delayed by a party's failure to comply with

24  deadlines and discovery obligations cannot move forward toward resolution on the merits.

25  Accordingly, this dismissal factor does not weigh in favor of plaintiff at all.

26  /////

27

-2-

28  [PROPOSED] ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS
WITH PREJUDICE – M:05-CV-01699-CRB

EAST\42426871.1
013415-000401

1       (5) There are no less drastic sanctions available to force plaintiff to comply with this

2  Court's orders. The Court finds that PTO 31 and the Special Master's compliance order both

3  provide specific warnings stating that plaintiff's claims may be dismissed with prejudice for

4  failure to comply with her obligations. The Court also finds that plaintiff received warning

5  letters from Defendants that prompted no response. Further, this Court gave plaintiff an

6  additional two weeks beyond the hearing on this motion to comply with PTO 31, but she failed

7  to do so.

8       Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal*

9  *Serv.,* 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab.*

10  *Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this

11  multidistrict litigation, the Court hereby finds that dismissal of this plaintiff's claims with

12  prejudice is warranted.

13       THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited

14  Motion is GRANTED and the claims of the plaintiff listed in this caption are DISMISSED

15  WITH PREJUDICE.

16  **IT IS SO ORDERED.**

18  Dated: April ~~28,~~ 30, 2009



HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

-3-

[PROPOSED] ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE – M:05-CV-01699-CRB

EAST\42426871.1
013415-000401