UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>Claunch, Betty A.      05-5416 CRB<br>Kelly, Melissa         05-4008 CRB<br>Thomas, Edward E.   06-3674 CRB<br>Ruddy, Jr., Joseph C. 05-1699 CRB | **ORDER TO SHOW CAUSE WHY *PRO SE* LITIGANTS SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 31**<br><br>Date:  July 17, 2009<br>Time:  10:00 a.m.<br>Judge: Hon. Charles R. Breyer, Courtroom 8 |

Now before the Court is the Pfizer Defendants' Motion to Dismiss certain plaintiffs' claims due to the plaintiffs' failure to comply with this Court's Pretrial Order No. 31 ("PTO 31") [Docket No. 3063] ("Pfizer's Motion"). Four of the plaintiffs subject to Pfizer's Motion – those listed in the caption of this Order – are proceeding *pro se* in this litigation ("the *pro se* plaintiffs"). The Court wishes to ensure that the *pro se* plaintiffs have been made aware of their obligations under PTO 31 and that the Court has a full record upon which to adjudicate Pfizer's Motion, while at the same time recognizing the central role case management orders – and the firm enforcement of those orders – play in multidistrict litigation. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) ("[M]ultidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts. The

-1-

EAST\42469044.1
013415-000401

ORDER TO SHOW CAUSE WHY *PRO SE* LITIGANTS SHOULD NOT BE DISMISSED WITH PREJUDICE PURSUANT TO PTO 31 – M:05-CV-01699-CRB

district court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line."); *id.* (noting further that MDL judges "must establish schedules with firm cutoff dates" and that case management orders "are the engine that drives disposition on the merits"). Accordingly, the Court here ORDERS as follows:

1. <u>Additional Notice by Pfizer</u>. In addition to filing its motion via ECF, Pfizer also shall provide notice of its motion to the *pro se* plaintiffs by mailing its motion papers, PTO 31, and this Order to Show Cause to the last known address for each *pro se* plaintiff by certified mail, return receipt requested. Pfizer shall submit copies of the cover letters providing such notice and the return receipts it receives with its reply papers.

2. <u>Briefing Schedule</u>. The *pro se* plaintiffs shall file any opposition to Pfizer's Motion by **Tuesday, July 7**. Unless a *pro se* plaintiff files his or her oppositions via ECF, such oppositions also must be sent to Pfizer by overnight mail, facsimile, or email to Matt Holian, DLA Piper LLP (US), 33 Arch Street, 26th Floor, Boston, MA, 02110, facsimile: (617) 406-6109, email: matt.holian@dlapiper.com. Pfizer must submit a reply in support of its motion by **Friday, July 10**.

3. **<u>Notice to *Pro Se* Plaintiffs – Your Case Will Be Dismissed With Prejudice If You Do Not Oppose Pfizer's Motion</u>**. The *pro se* plaintiffs hereby are advised that the hearing on Pfizer's Motion will take place on **Friday, July 17** at 10:00 a.m. in this Court at 450 Golden Gate Avenue, Courtroom 8, 19th floor, San Francisco, California. The *pro se* plaintiffs hereby are notified further that failure to submit an opposition or appear at the hearing will result in your case being dismissed with prejudice. **IN OTHER WORDS, IF YOU DO NOT OPPOSE PFIZER'S MOTION AND DO NOT APPEAR AT THE HEARING ON JULY 17, YOUR CASE WILL BE THROWN OUT OF COURT AND YOU WILL NOT BE ABLE TO ASSERT CLAIMS AGAINST THE PFIZER DEFENDANTS RELATING TO BEXTRA AND/OR CELEBREX IN THE FUTURE.**

4. <u>Declaration Submitted by Plaintiffs' Liaison Counsel Regarding Other Notice Provided to *Pro Se* Plaintiffs</u>. This Court appointed Elizabeth Cabraser as Plaintiffs' Liaison Counsel and vested her with certain duties with respect to the administration of this litigation.

EAST\42469044.1
013415-000401
ORDER TO SHOW CAUSE WHY *PRO SE* LITIGANTS SHOULD NOT BE DISMISSED WITH PREJUDICE PURSUANT TO PTO 31 – M:05-CV-01699-CRB

(Pretrial Order No. 2 ¶¶ 14-18.) In connection with her fulfillment of those duties throughout the course of the litigation, Plaintiffs' Liaison Counsel has informed the Court that she and her firm have communicated regularly with plaintiffs' counsel and *pro se* plaintiffs regarding the progress of the litigation and plaintiffs' obligations under the Court's various pretrial orders, including PTO 31. The Court wishes to have a full record of the notice the *pro se* plaintiffs have received of their duties under PTO 31 while maintaining the confidentiality to which Plaintiffs' Liaison Counsel's communications may be entitled. Accordingly, by **Friday, July 10**, Plaintiffs' Liaison Counsel (or a duly authorized individual from her firm) shall submit to the Court under seal a declaration setting forth all efforts Plaintiffs' Liaison Counsel has made to notify the *pro se* plaintiffs of their discovery obligations in this litigation generally and their obligations under PTO 31 in particular. The declaration shall include as exhibits any correspondence or other documents provided to the *pro se* plaintiffs.

**IT IS SO ORDERED.**

Dated: _____June 15_____, 2009

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

-3-
EAST\42469044.1
013415-000401
ORDER TO SHOW CAUSE WHY *PRO SE* LITIGANTS SHOULD NOT BE DISMISSED WITH PREJUDICE PURSUANT TO PTO 31 – M:05-CV-01699-CRB