UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699 CRB |
| This Document Relates to:<br><br>Frias, Josephine (a/k/a Fernandez, Josefina)   07-0469 CRB | [~~PROPOSED~~] **ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE**<br><br>**PTO 31 COMPLIANCE MOTION NO. 2**<br><br>Date: July 24, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer |

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited Motion to Dismiss Plaintiffs' Claims with Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the Motion, finds as follows:

The plaintiff listed in the caption to this Order failed to comply with Pretrial Order No. 31 ("PTO 31") by failing to provide Defendants with a completed Docket Data Sheet ("DDS") and responsive documents (collectively, "the material required by PTO 31"). Plaintiff also failed to comply with the Order issued by the Special Master, Judge Fern M. Smith (Ret.), filed on May 29, 2009, requiring Plaintiff to provide the material required by PTO 31 within seven days of

entry of that Order or face dismissal with prejudice ("the Compliance Order"). Plaintiff's failure is particularly egregious given the numerous efforts the Court and the parties have made to provide notice of Plaintiff's discovery obligations. (*See* Pfizer Defs.' Mem. of P.& A. in Supp. of Mot., at 2-3; Declaration of Michelle W. Sadowsky in Supp. of Pfizer Defs.' Mot. to Dismiss, ¶¶ 8-13, Declaration of Matthew A. Holian in Supp. of Pfizer Defs.' Reply Brief in Supp. of Pfizer Defs.' Mot. to Dismiss, ¶¶ 3-4.)

Based on these failures, the Court also finds as follows:

(1) The public's interest in expeditious resolution of this litigation is compromised by Plaintiff's failure to comply with PTO 31 and the Special Master's Compliance Order. This Court and the public have an overriding interest in securing the just, speedy, and inexpensive determination of every action. Plaintiff's delay is unreasonable and has impeded the resolution of these matters.

(2) The Court's need to manage its docket is compromised by Plaintiff's failure to comply with PTO 31 and the Special Master's Compliance Order. The Court cannot effectively move forward with the cases in which plaintiffs have provided the required discovery when other plaintiffs have failed to do so. Dismissal of this Plaintiff will serve to appropriately penalize this Plaintiff for her non-compliance and also will encourage other plaintiffs to comply with this Court's case management orders.

(3) Defendants are prejudiced by Plaintiff's failure to comply with PTO 31 and the Special Master's Compliance Order. Without the material required by PTO 31, the Pfizer Defendants cannot meaningfully evaluate Plaintiff's case for resolution.

(4) The public policy favoring disposition on the merits is overridden by Plaintiff's failure to comply with PTO 31 and the Special Master's Compliance Order. The Court finds that Plaintiff's failure to provide the required material obstructs resolution of her claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Accordingly, this dismissal factor does not weigh in favor of Plaintiff at all.

/////

(5) There are no less drastic sanctions available to force Plaintiff to comply with this Court's orders. The Court finds that PTO 31 and the Special Master's Compliance Order both provide specific warnings stating that Plaintiff's claims may be dismissed with prejudice for failure to comply with their obligations. The Court also finds that Plaintiff received warning letters from Defendants that prompted no response.

Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this multidistrict litigation, the Court hereby finds that dismissal of this Plaintiff's claims with prejudice is warranted.

THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited Motion is GRANTED and the claims of the Plaintiff listed in this caption are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 31, 2009

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE