# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

Health Care Service Corp. v. Mark Brown, et al.,  )
  E.D. Texas, C.A. No. 2:10-189                   )        MDL No. 1699

## TRANSFER ORDER

**Before the entire Panel**: The third-party payor plaintiff in this Texas action (*HCSC*) moves pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] asking the Panel to vacate its order conditionally transferring the action to the Northern District of California for inclusion in MDL No. 1699. Responding defendants[2] oppose the motion.

After considering all argument of counsel, we find that *HCSC* involves common questions of fact with actions in this litigation previously transferred to the Northern District of California, and that transfer of this action to the Northern District of California for inclusion in MDL No. 1699 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is warranted for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Bextra and/or Celebrex as well as claims relating to the sales and marketing of these prescription medications. *See In re Bextra and Celebrex Mktg, Sales Practices and Prods. Liab. Litig.,* 391 F.Supp.2d 1377 (J.P.M.L. 2005).

The *HCSC* plaintiff opposes inclusion of its action in MDL proceedings, arguing that (1) discovery and other pretrial proceedings involving MDL No. 1699 third-party payor actions are complete, and (2) it has opted out of the MDL No. 1699 third-party payor class settlement. Since the creation of MDL No. 1699, much discovery has been completed and the transferee judge has addressed many complex and novel legal issues. The fact that simultaneous discovery with other third-party payor actions may not occur does not weigh against inclusion of *HCSC* in MDL proceedings. Inclusion of *HCSC* in this MDL will ensure that parties and witnesses are not subjected to discovery demands that duplicate

---

[1] Amended Panel Rules became effective on October 4, 2010.

[2] Pfizer, Inc.; Pharmacia & Upjohn, LLC; and two affiliated individuals.

-2-

activity that has already occurred. *See In re Rosuvastatin Calcium Patent Litig.*, 560 F.Supp.2d 1381 (J.P.M.L. 2008); *In re Department of Veterans Affairs (VA) Data Theft Litig.,* 461 F.Supp.2d 1367, 1368-69 (J.P.M.L.2006). Moreover, where, as here, a potential tag-along action shares questions of fact with previously centralized actions such that it can likely benefit from the fruits of the MDL discovery and other pretrial proceedings, opting out of a settlement does not preclude inclusion of that action in an MDL proceeding. At this time, the transferee judge remains in the best position to manage all related Bextra and Celebrex actions in order to streamline remaining discovery and pretrial motions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |