UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION | Case No.: 10-CV-4275-CRB<br><br>MDL NO. 1699 |
| Larry B. Moore, individually and as successor in interest to Ruby Lois Moore, decedent,<br><br>Plaintiff,<br><br>vs.<br><br>Pfizer Inc, et al.,<br><br>Defendants. | **ORDER DENYING PLAINTIFF'S MOTIONS FOR:**<br>**(1) ORDER REQUIRING SETTLEMENT CONFERENCE;**<br>**(2) APPOINTMENT OF EXPERT; &**<br>**(3) EXTENSION OF TIME TO COMPLY WITH PTO 31** |

THIS MATTER having come before the Court on Plaintiff Larry B. Moore's Motions for (1) an order requiring a settlement conference; (2) the appointment of an expert; and (3) extension of time to comply with Pretrial Order No. 31 ("PTO 31"), which requires all plaintiffs subject to a Notice of Unsuccessful Settlement Conference ("Notice") to provide a Case-Specific Expert Report within 60 days of the Notice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion; the Court finds as follows:

/////

- 1 -

ORDER DENYING PL.'S MOTS. FOR: (1) ORDER REQUIRING SETTLEMENT CONF.; (2) APPOINTMENT OF EXPERT; & (3) EXTENSION OF TIME TO COMPLY WITH PTO 31 – M:05-CV-01699-CRB

1     1)    As an initial matter, Plaintiff's motions are defective procedurally.  Plaintiff did not meet and confer with the Pfizer Defendants' counsel prior to filing his motions, which is required pursuant to Pretrial Order No. 2, paragraphs 8 through 10 and the Northern District's Civil Local Rules.  *See* N.D. Civ. L.R. 7-2(a), 37-1(a).

    2)    <u>Motion for Order Requiring Settlement Conference</u>.  Plaintiff's motion for an order requiring a settlement conference is DENIED.  PTO 31 already requires a mandatory settlement conference, which – as Plaintiff notes in his moving papers – Plaintiff and counsel for Pfizer already had.  The conversations between the parties and the correspondence that Plaintiff sent to counsel for Pfizer (*see* Exhibit 2 to Plaintiff's Ex Parte Application for Motion, Order for Appointment of Expert Medical Witness) made clear that the parties could not agree on a settlement amount, and Pfizer subsequently submitted the Notice.

    3)    <u>Motion for Order Appointing Expert</u>.  Plaintiff's motion for an order appointing an expert is DENIED.  Plaintiff provides no authority for the Court to appoint an expert to draft his Case-Specific Expert Report apart from citing a Federal Rule of Evidence.  His lengthy affidavit in support of this motion provides no further basis for the Court to grant his request.

    4)    <u>Motion for Extension of Time to Comply with PTO 31</u>.  Plaintiff's motion for an extension of time to comply with PTO 31 is DENIED as premature.  First, the deadline imposed by PTO 31 (December 21, 2010) has not yet passed.  Second, prior to filing a compliance motion, Pfizer must send a deficiency letter to Plaintiff reminding him of his PTO 31 obligations.  *See* PTO 31 ¶ 2(c)(i).  Further, even if Pfizer were to file a compliance motion following the fourteen-day cure period required by PTO 31 (*i.e.*, on January 7, 2010), Plaintiff still would have three weeks before the hearing on the compliance motion (*i.e.*, until Friday, January 28) within which to provide the necessary discovery.  *See* PTO 31 ¶ 2(c)(ii) (providing that a hearing on a compliance motion may take place within twenty-one days of filing the motion).

    Further, should Plaintiff fail to provide the Case-Specific Expert Report prior to the date of the compliance hearing, the result likely will be a compliance order entered by the Special Master, United States District Judge Fern M. Smith (Ret.), requiring that Plaintiff provide the expert report within seven days of the order or face the possible dismissal of his claims with

- 2 -

ORDER DENYING PL.'S MOTS. FOR: (1) ORDER REQUIRING SETTLEMENT CONF.; (2) APPOINTMENT OF EXPERT; & (3) EXTENSION OF TIME TO COMPLY WITH PTO 31 – M:05-CV-01699-CRB

prejudice (*i.e.*, no earlier than February 4). If Pfizer were then to file a motion to dismiss Plaintiff's claims for failure to comply with the compliance order, Plaintiff still would have three weeks before the hearing on Pfizer's motion to dismiss (*i.e.*, no earlier than February 25). Thus, Plaintiff will have more than two months from now to provide the expert report before he faces the dismissal of his claims. If there is any particular reason Plaintiff believes he is entitled to an extension of the PTO 31 deadline, any such request should be raised with Special Master Smith in the context of a compliance motion, not prematurely (and unilaterally) with the Court.

      THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motions are **DENIED**.

**IT IS SO ORDERED.**

Dated: December 20, 2010

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

- 3 -
ORDER DENYING PL.'S MOTS. FOR: (1) ORDER REQUIRING SETTLEMENT CONF.; (2) APPOINTMENT OF EXPERT; & (3) EXTENSION OF TIME TO COMPLY WITH PTO 31 – M:05-CV-01699-CRB