IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | No. MDL 05-01699 CRB<br><br>**ORDER RE: FIVE MOTIONS OF LARRY B. MOORE** |

*This document relates to:*

    Larry B. Moore, 10-4275
_____/

    The Court is in receipt of five motions filed by *pro se* Plaintiff Larry B. Moore, dkts. 3515, 3516, 3517, 3519 and 3521, in anticipation of the July 15, 2011 hearing on Defendant Pfizer's motion to dismiss, dkt. 3497. The Court makes the following rulings on Mr. Moore's motions.

    First, the Court GRANTS Mr. Moore's motion that he be ordered to appear by telephone at the upcoming hearing, and his motion to be provided a telephone number for that telephonic appearance. See dkts. 3515, 3519. Larry B. Moore, inmate #J16151 at Pleasant Valley State Prison, is a plaintiff in the above-referenced litigation. Mr. Moore is hereby ORDERED to appear via telephone for a hearing on Friday, July 15, 2011 at 10:00 AM (Pacific). Mr. Moore is to be available as of 10:00 AM (Pacific) until the conclusion of the hearing. The Court will initiate the telephone call. Accordingly, an official from

Pleasant Valley State Prison is ORDERED to call the Court <u>in advance of the July 15, 2011 hearing</u>, at 415-522-2062, and provide the Court with the telephone number to call for the hearing. The Court further GRANTS Mr. Moore's request that he be permitted access to the three boxes of legal materials that he asserts he needs in order to prepare for the hearing.

Second, the Court DENIES Mr. Moore's motion to quash or take off calendar Defendant's motion to dismiss. <u>See</u> dkt. 3516. Defendant Pfizer has submitted proof that it served Mr. Moore with the motion to dismiss, as well as a letter informing Mr. Moore that the motion to dismiss was rescheduled. <u>See</u> dkt. 3522. The Court finds that Mr. Moore was properly notified of the hearing, and his motion to quash therefore fails.

Third, the Court DENIES Mr. Moore's motion to appoint him a lawyer. <u>See</u> dkt. 3517. There is no constitutional right to counsel in a civil case, <u>see</u> <u>United States v. 30.64 Acres of Land</u>, 795 F.2d 796, 801 (9th Cir. 1986), and no such entitlement is provided in 28 U.S.C. § 1915(d), the section upon which Mr. Moore relies.

Finally, the Court DENIES Mr. Moore's motion to reschedule the motion hearing as moot. <u>See</u> dkt. 3521. Mr. Moore's motion asserts that he has a scheduling conflict on June 24, 2011. <u>See</u> Affidavit (dkt. 3518) at 2. But the motion hearing in this case, originally calendared for June 24, 2011, has been rescheduled for July 15, 2011. <u>See</u> dkt. 3501. Accordingly, Mr. Moore's conflict is no longer relevant.

**IT IS SO ORDERED.**

Dated: June 22, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE