IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ *This document relates to:*  Larry B. Moore, 10-1516  Larry B. Moore, 10-4275  Dyan Moore, 10-4825 _____/ | No. MDL 05-01699 CRB  **ORDER DENYING (1) MOTION TO ALTER OR AMEND JUDGMENT, (2) MOTION TO ENLARGE THE RECORD, (3) MOTION FOR JUDGMENT BY DEFAULT, AND (4) EX PARTE APPLICATION AND ORDER DIRECTED TO WARDEN** |

The Court is in receipt of four motions filed by *pro se* Plaintiff Larry B. Moore, in which Plaintiff asks the Court: (1) to alter or amend its judgment against him, dkt. 81; (2) to enlarge the record, dkt. 83; (3) for judgment by default, dkt. 82; and (4) for an order directed to the warden of Plaintiff's prison to allow Plaintiff to appear by telephone at the hearing for the other three motions, dkt. 87. The Court hereby DENIES all four motions, which it will discuss in reverse order.

As an initial matter, the Court finds these matters suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and so there will be no hearing for which Plaintiff requires permission in order to participate. In addition, Plaintiff has not met the elements of Federal Rule of Civil Procedure 55, and therefore is not entitled to judgment by

default. Plaintiff's Motion to Enlarge the Record, which relies on Federal Rule of Civil Procedure 15, see dkt. 83 at 3, is similarly unfounded. Rule 15 relates to the amending of pleadings; Plaintiff's motion seeks not the amendment of any pleading but for the Court to address numerous filings, such as a "Reply Brief to Pfizer Defendant's Opposition to Plaintiff's Motion to Quash" now moot in light of the dismissal of Plaintiff's case. See, e.g., id. at 2.

Finally, although Plaintiff's Motion to Amend or Alter Judgment, dkt. 81, is zealously argued, the Court finds it unpersuasive. Altering or amending a judgment is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Alternation or amendment of a judgment is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions to alter the judgment "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945.

Plaintiff's motion argues that the Court lacks jurisdiction over the parties, and that PTO 31 is invalid. See dkt. 81 at 4, 7. The Court disagrees with both arguments. Moreover, as Defendant Pfizer argues in its Opposition to Plaintiff's motions, "Plaintiffs have had over ten months (Larry Moore) and more than six months (Dyan Moore) to provide their Case-Specific Expert Reports pursuant to [PTO 31]," and "failed to provide a valid explanation for their delinquency." See dkt. 3552. Indeed, the Court's Order dismissing Plaintiffs noted that Plaintiffs failed to comply with PTO 31 by failing to provide Case-Specific Expert Reports, and failed to comply with the order of Special Master Fern Smith (Ret.) on May 18, 2011 requiring Plaintiffs to file the material required by PTO 31 by May 25, 2011 or face dismissal with prejudice. See dkt. 75. Plaintiff has not identified any newly discovered evidence,

2

1  pointed to a clear error, or identified an intervening change in the law that demands the
2  alteration of those holdings.  See Carroll, 342 F.3d at 945.
3       Accordingly, for the foregoing reasons, Plaintiff's motions are DENIED.
4  **IT IS SO ORDERED.**

5  Dated: September 14, 2011



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\1699\ordersmisc\order re moore 9-9-11.wpd