UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. 05-CV-01699 CRB<br><br>MDL No. 1699 |
| This Document Relates To:<br><br>ALL CASES | **ORDER RECOMMENDING TERMINATION OF MULTIDISTRICT LITIGATION PROCEEDING TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

In September 2005, the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel") assigned these proceedings to this Court. With the able assistance of Special Master Fern M. Smith and counsel for the parties, the Court oversaw extensive discovery, including the production of tens of millions of pages of documents, hundreds of depositions, and voluminous written discovery. The Court, with the assistance of the Special Master, actively coordinated the MDL proceedings with related litigation in the New York and New Jersey state courts to reduce costs and duplication of discovery and to promote the consistent determination of similar issues among these proceedings. The Court also adjudicated a number of dispositive motions affecting a substantial portion of the docket, including motions to dismiss purchase claim class actions on the grounds of federal preemption and state law and *Daubert* motions in the product liability cases with respect to whether Celebrex can cause heart attacks and strokes. The Court and parties

selected dozens of individual product liability cases for a bellwether discovery pool, from which the parties agreed to a number of cases for bellwether trials.

By the end of 2008, Pfizer Inc. announced that it had resolved the bellwether trial cases, as well as thousands of other product liability cases. In March 2009, the Court preliminarily approved a settlement of the purchase claim class actions, for which it gave final approval in September 2009. By the end of 2009, within approximately four years of centralization, less than six percent of the docket remained, and those remaining cases were settled or otherwise resolved in an expeditious fashion. After approximately seven years of litigation, the Court now has dismissed the final product liability plaintiff from these proceedings.

Accordingly, the Court hereby ORDERS as follows:

1. The Court hereby TERMINATES certain preservation obligations imposed in various pretrial orders, including Pretrial Order No. 1 (Doc. No. 57), ¶ 13; Pretrial Order No. 4 (Doc. No. 169), ¶¶ 7, 34i; Pretrial Order No. 10 (Doc. No. 201), ¶ 13; and Pretrial Order No. 11 (Doc. No. 246), ¶ 12.

2. Pursuant to paragraph 35 of Pretrial Order No. 3 (Doc. No. 168), the provisions of the protective order issued in this litigation SHALL remain in effect after the termination of these proceedings.

3. A number of plaintiffs whose claims were resolved have not yet fulfilled their statutory obligations to the Centers for Medicare and Medicaid Services ("CMS"), although those plaintiffs' claims have been dismissed from the Court's docket. Other plaintiffs may in the future file claims relating to the subject matters of this litigation. Nonetheless, the Court does not anticipate any substantial future activity in this litigation. Accordingly, the Court hereby RECOMMENDS to the JPML that the JPML terminate this multidistrict litigation proceeding at this time.

4. Should the JPML accept this Court's recommendation to terminate the multidistrict litigation proceeding, the Clerk of this Court SHALL close the MDL No. 1699 master file (M:05-CV-01699-CRB) without further order of this Court.

/////

1       5.      Should the JPML accept this Court's recommendation to terminate the multidistrict litigation proceeding, and any party subsequently files in (or removes to) a United States District Court any new claims related to this proceeding, the Court recognizes that any request to transfer such an action would be directed to the JPML. If such a request is made, however, this Court would welcome the transfer of any such action to this Court for further proceedings, given the Court's experience with these claims.

        6.      Should any party to these proceedings require the assistance of this Court with respect to plaintiffs' statutory obligations to CMS in cases filed by attorneys that were before this Court, then the litigants may move this Court to re-open this proceeding for the purpose of adjudicating any such issues.

**IT IS SO ORDERED.**

Dated: March 29, 2013

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE